**ORANGE INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**WEST ORANGE INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 6766.

Court of Civil Appeals of Texas.

Beaumont.

April 15, 1965.

Rehearings Denied May 12, 1965.

J. C. Hinsley, Austin, Stephenson, Stephenson & Thompson, Orange, for appellants.

Keith, Mehaffy & Weber, Beaumont, John O. Young, Orange, for appellees.

PARKER, Justice.

Plaintiffs and cross-defendants below, hereafter called appellants, filed this suit in the district court of Orange County, Texas, against defendants and cross-plaintiffs below, hereafter called appellees, seeking a declaratory judgment to determine a declaration of the rights, status and legal relations of the parties hereto and a construction of the applicable statutes having to do with the future possible consolidation of Orange Independent School District, if dissolved and made a common school district, by certain procedure, which has not occurred, and certain acts to be performed, which have not been performed, with West

Orange Independent School District. Appellees resisted the suit upon the grounds that such procedure would be arbitrary, unreasonable, illegal, capricious and void, and also sought a declaratory judgment in line with such contentions. The jury verdict was returned in favor of appellees upon which judgment was entered.

The first thing this court must determine is whether or not there is any justiciable controversy. The parties were fixed by the pleadings in the trial court as follows:

A. Designation of parties-plaintiff:
   1. Orange Independent School District, an independent school district incorporated for school purposes only, organized and existing under and by virtue of the laws of the State of Texas, situated entirely in Orange County, Texas.

   2. The individuals composing the Board of Trustees of Orange Independent School District.

   3. The Orange County School Trustees of · Orange County, Texas, a body corporate having its domicile in Orange County, Texas.

   4. Certain qualified taxpayers and qualified voters residing in Orange Independent School District, as representatives of a class.

B. Designation of parties-defendant:
   1. West Orange Independent School District, an independent school district incorporated for school purposes only, duly organized and existing under and by virtue of the laws of the State of Texas, situated wholly within Orange County, Texas.

   2. The individuals composing the Board of Trustees of West Orange Independent School District.

   3. Certain individuals who were taxpayers and qualified voters residing in West Orange Independent School District, as representatives of a class.

C. Designation of cross-plaintiffs:
   1. West Orange Independent School District.

   2. The trustees of West Orange Independent School District, as.such trustees and as taxpayers and qualified voters.

   3. Certain other qualified voters and real property owners residing in West Orange Independent School District.

D. Designation of cross-defendants:
   1. Said Orange Independent School District.

   2. The individuals composing the Board of Trustees of Orange Independent School District.

   3. The persons composing the County Board of School Trustees of Orange County, Texas, and J. B. Peddy, the duly elected, qualified and acting County School Superintendent of Orange County, Texas, an ex-officio secretary of the Orange Independent School District of Orange County, Texas. Said individuals in this paragraph were sued not only in their official capacity as trustees and superintendent, respectively, but individually.

Under the provisions of Art. 2524–1, Vernon's Ann.Civ.St., (Acts 1943, 48th Leg., p. 265, ch. 164) appellants sought a declaratory judgment, both affirmative and negative in form, setting out and declaring the rights of the parties hereto under the facts in such petition alleged and for other ancillary relief. In the petition it was alleged that there was great disparity in the educational opportunities being afforded the school children in the various school districts in Orange County, resulting in the organization of an Orange County school study committee composed of representatives from the County School Board of Trustees, the county school superintendent and representatives of each of the school districts in Orange County, and representa-

tives from many of the larger industrial taxpayers in Orange County. As a result of the study of such research organization, it concluded that in order to secure equalized educational opportunities for the children in Orange County and to secure the greatest value for the money being expended to obtain educational opportunities in Orange County, it would be necessary to combine many of the school districts then existing in Orange County and decrease the number of administrative organizations dealing with education in such county.

Prior to the filing of this suit, voters in the West Orange Independent School District voted against the proposal to consolidate that district with Orange Independent School District. Petitioners further alleged:

"VIII.

"As a result of the studies which had been undertaken in Orange County, as outlined above, and as a result of its deliberations in connection therewith, Plaintiff, The County School Trustees of Orange County, State of Texas, reached a conclusion that it would be to the best interest of the school system of Orange County if a county-wide school district or county unit system of schools could be organized, and that it would be willing to exercise its powers and authority to that end, but, recognizing that its powers and authority to accomplish such end was limited, such Plaintiff County School Trustees of Orange County, State of Texas, on May 2, 1961, enacted a resolution setting out its policy in that respect and indicating its willingness to cooperate in the creation of a county-wide school system by the exercise of its powers to annex common school districts to independent school districts under the statutory provisions then existing. This resolution is attached hereto and set out verbatim in Exhibit 'A', which is specifically made a part of the allegation of this petition as

though same were copied verbatim at this point"

Such Exhibit "A" is as follows:

"RESOLUTION

"WHEREAS, the aim of the County School Board is to provide for the children of Orange County, regardless of residence, the best educational opportunities possible and,

"WHEREAS, to this end the said County School Board has been advised by the Orange County School Study Committee and the Texas Research League that this can best be accomplished through a county-wide consolidation or unit system and,

"WHEREAS, under present laws consolidation in Orange County can come about only as a result of a majority of the voters in each school district voting in favor of such consolidation and,

"WHEREAS, there is a natural unwillingness for a 'have' school district to share its wealth with a 'have-not' school district and,

"WHEREAS, the power of the County School Board under present laws as concerns Orange County Schools extends only to Common School Districts, and,

"WHEREAS, the only apparent hope at this time for county-wide consolidation lies in the willingness of the voters in each of the other seven independent districts to vote themselves into a common school district status in order that the districts might then be attached to the 'have' independent school district by County School Board action, and,

"WHEREAS, a common boundary must exist between the independent and the common districts at the time of said proposed attachment, and,

"WHEREAS, the most orderly progression of such proposed attachments to insure this contiguity would appear to be generally from an east to west direction in the county.

"NOW therefore be it resolved that the Orange County School Board as now constituted does hereby pledge itself to act immediately through its power of attachment of common school districts to expedite the realization of the county unit system if the voters of the individual districts so signify by their conversion from an independent status to a common status for attachment purposes, and we further pledge to attach Bancroft Common School District, if existing, when it becomes evident that the unit system via the conversion route is accepted by other districts."

Continuing with the pleadings of Orange Independent School District, it alleged:

"IX.

"Being advised of the resolution enacted by the County School Trustees of Orange County, State of Texas, as set out in Exhibit 'A' and having discovered from the consolidation election defeated in the West Orange Independent School District in December, 1961, that the county-wide school system could not be organized in Orange County on the basis of voluntary consolidations of independent school districts under the provisions of Article 2806, and desiring to further the progress of the educational system in Orange County toward the equalization of opportunities for education of all scholastics, Plaintiff Trustees of Orange Independent School District sought advice from legal counsel to determine whether there might be some method provided by the statutes of the State of Texas whereby the ultimate aim might be accomplished. These Plaintiffs were advised that un-

der the provisions of Article 2767, V.T.C.S., as amended in 1955, by election the voters of the Orange Independent School District could accomplish the dissolution of the Orange Independent School District as a corporate body, that upon such action by the voters of the Orange Independent School District the territory at that time in the Orange Independent School District would cease to be an independent school district and would become unorganized territory, and that it would be subject to disposition by the County School Trustees of Orange County, State of Texas, which could then organize a common school district out of such territory and under the authority conferred by the provisions of Article 2922a, V.T.C.S., as amended, annex such common school district to an adjoining or contiguous independent school district, including the West Orange Independent School District.

"X.

"Believing that the procedures described in the preceding paragraph should be undertaken in the interest of embarking upon the creation of a county-wide educationa! system in Orange County, Plaintiffs Orange Independent School District and the Trustees thereof, together with numerous taxpaying qualified voters residing in the Orange Independent School District, on or about April 30, 1963, started the circulation of Petitions calling for an election to abolish Orange Independent School District under the provisions of Article 2767, Revised Civil Statutes of Texas, 1925, as amended, to be held on May 25, 1963, in the Orange Independent School District. By May 9, 1963, the signatures of qualified voters residing in Orange Independent School District on such petition were approaching the number needed to insure the calling of such election for May 25, 1963.

"XI.

"On May 9, 1963, Defendants West Orange Independent School District and the Board of Trustees thereof, together with others, filed their Original Petition in the District Court of Orange County, Texas, for the 128th Judicial District of Texas, in Cause No. 14,087 on the docket of said Court, styled West Orange Independent School District, et al. vs. The Orange County School Board, et al., said petition consisting of 38 pages in which, among others and additional allegations, were included many of the allegations heretofore included in this petition, including allegations that petitions were being circulated in the Orange Independent School District for the purpose of securing an election on May 25, 1963, to determine whether the Orange Independent School District should be abolished, in which petition the said Plaintiffs alleged that it was the purpose of the Orange Independent School District, its trustees, residents and taxpayers, and the County School Trustees of Orange County, State of Texas, to abolish the Orange Independent School District and then have it annexed to the West Orange Independent School District under the provisions of Article 2922a, V.T.C.S. The Plaintiffs in said Cause No. 14,087 asked for adjudication under the Declaratory Judgments Act that such proceedings as were contemplated by the Orange Independent School District, its Trustees and taxpayers, and the County School Trustees of Orange County, State of Texas, would be invalid, illegal, and void, and also sought adjudication that the procedures contemplated for such election itself would be invalid, and for other relief therein specified. At such time the Plaintiffs in said Cause No. 14,087 also issued notices of intention to take the depositions of 23 witnesses on May 20 and 21, 1963, in connection with such suit. While the Defendants in that cause, substantially the Plaintiffs here, were employing counsel, and otherwise making preparations to answer the petition in said cuase and to be represented at the taking of such depositions, and after the time within which the petitions for the calling of the election for the abolition of the Orange Independent School District on May 25, 1963, had expired without such petitions being presented to the County Judge, the Plaintiffs in said Cause No. 14,087, without notice to the Defendants in said cause of any intention to seek the approval of the Court to dismiss their suit under the provisions of Paragraph (b) of Rule 42, Texas Rules of Civil Procedure, dismissed said Cause No. 14,087, which they alleged was 'brought in the nature of a class suit by the individual Plaintiffs in one class and the individual Defendants in another class under the provisions of Rule 42, TR CP,' said suit being dismissed notwithstanding the prohibition in said Rule 42 that no such action should be dismissed or compromised without the approval of the Court. At such time the trial court had been informed that the attorneys whose names are signed to this petition would be representing the Defendants in that cause.

"XII.

"Plaintiff Orange Independent School District is an independent school district with more than 250 scholastics. Its territory is situated wholly in Orange County, Texas. Defendant West Orange Independent School District is an independent school district with more than 250 scholastics. Its territory is situated wholly in Orange County, Texas. The two districts are contiguous to each other, in that their territory could be included in a common boundary line.

"XIII.

"It is the intention of the Plaintiffs herein in the near future to circulate petitions similar to those being circulated in early May, 1963, to secure an election for the abolition of Orange Independent School District, in order that its territory may be organized into a common school district by the County School Trustees of Orange County, State of Texas, and that such common school district may be annexed to the West Orange Independent School District by said County School Trustees of Orange County, State of Texas, under the provisions of Article 2922a, V.T.C.S., as amended. In such event the Defendants herein will again institute litigation such as that which was instituted as Cause No. 14,087 in the 128th District Court of Orange County, Texas, mentioned in the preceding paragraph of this petition, for the purpose of interfering with the conduct of such election as well as questioning the validity of such proposed actions. For such reasons, the Plaintiffs herein have instituted this suit seeking a declaration as to the rights, status and other legal relations of the parties hereto and to secure an adjudication of this court as to the rights of the Plaintiffs and the Defendants under the statutes heretofore mentioned, as well as other pertinent statutes, and to secure such injunctive relief as may be necessary for the enforcement of the declarations of this court as to the rights, status, and legal relations of the parties involved.

"XIV.

"Wherefore, premises considered, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon trial hereof, Plaintiffs have the following relief:

"(1) A declaration of the rights, status, and legal relations of the parties hereto and a construction of the applicable statutes as follows:

"(a) That the Orange Independent School District may be dissolved under the provisions of Article 2767, Vernon's Texas Civil Statutes, as amended, upon a majority vote of those voting at an election called in the manner provided by such Article, and that the election for such dissolution may be called under the provisions of Article 2767 at any time which will permit the County Judge to give 10 full days notice thereof as required by such Article, notwithstanding the provisions of Articles 5.05 and 5.06 of the Election Code of Texas;

"(b) That in the event an election is held under the provisions of Article 2767, V.T.C.S., and a majority affirmative vote is in favor of the dissolution of Orange Independent School District, the territory now included in said Orange Independent School District will become unorganized territory which the County School Trustees of Orange County, State of Texas, are authorized and empowered to organize into a common school district;

"(c) That in the event the Orange Independent School District should be dissolved by election under Article 2767, V.T.C.S., and the territory now included in such district should be organized as a common school district by the County School Trustees of Orange County, State of Texas, as mentioned in the sub-paragraphs (a) and (b), above, the County School Trustees of Orange County, State of Texas are empowered and authorized under Article 2922a, V.T.C.S., as amended, to annex such territory so organized into a common school district to the West Orange Independent School District by order of the County School Trustees of Orange County, State of Texas,

without notice, hearing, or election, or further proceedings except the order of the County School Trustees or Orange County, State of Texas;

"(d) That under the circumstances heretofore alleged in this petition such action by the County School Trustees of Orange County, State of Texas, would not be arbitrary, fraudulent nor an abuse of discretion, nor in any manner illegal or void, but that such action by the County School Trustees of Orange County, State of Texas, if taken, would be a valid exercise of the power and authority vested in that body;

"(2) That all of the defendants in this Cause, including their officers, agents and employees, and all residents, taxpayers, and qualified voters residing within the boundaries of the said West Orange Independent School District, be permanently enjoined from instituting or conducting any suits or litigation whatever in any court whatever questioning or attacking the validity of or seeking to interfere with the actions mentioned in the preceding paragraphs of this petition involving the abolition of the Orange Independent School District by election, the organization of its territory into a common school district by the County School Trustees of Orange County, or the annexation of such a common school district to the West Orange Independent School District by the County School Trustees of Orange County, State of Texas, save and except by appeal from the orders of the Court herein; and

"(3) That Plaintiffs herein have all further relief to which they may be entitled at law or in equity, including all costs of Court in this behalf incurred."

Appellees in its answers contended that such procedure was illegal, arbitrary, un-reasonable, capricious and void, alleging numerous facts in support thereof and, likewise, by way of cross-action upon the same acts that might be performed in the future, sought a declaratory judgment. In the evidence it is undisputed that in each district, and particularly in the Orange Independent School District, substantial changes have been occurring, and probably will occur in the future, as to taxation and the number of scholastics.

Whatever existing rights that may be possessed by Orange Independent School District to dissolve itself as an independent school district have not yet been acted on by it in the exercise of such powers it possesses. The basis for any action by Orange Independent School District in this matter has not been laid. Likewise, the County School Board of Orange County and its Superintendent have had nothing to act on by way of an order classifying a dissolved Orange Independent School District into a common school district followed by a contemplated order consolidating the common school district that now does not exist with West Orange Independent School District under any statutory power it has. Until the proper steps have been taken and such rights have been so determined, any opinion we might now render would be advisory only.

■ Since no statutes in question have been made use of by any party hereto it cannot be said that their "rights, status or other legal relations are affected by a Statute" under Section 2 of the Uniform Declaratory Judgments Act which plainly states that any question of construction or validity thereof is to declare rights, status or other legal relations *arising under such Statutes.* The record shows no rights, status or other legal relations possessed or claimed by any party arising under such Statutes. Nothing has been done under such Statutes.

■ Does the desire of Orange Independent School District to pursue its plan to consolidate with West Orange Independ-

ent School District present a justiciable controversy simply because West Orange Independent School District plainly fails to see the desirability of such proposed consolidation? Lack of agreement is present. That does not make a justiciable controversy. It is obvious that the Orange County Board of School Trustees and the County School Superintendent proceeded to assemble evidence and make findings of fact in order to establish a precedent for hypothetic future situations in spite of the fact that the Board and Superintendent had no authority to enter any order of consolidation, upon existing facts.

Chief Justice Hughes' opinion in Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, on p. 472, 80 L.Ed. 688, on p. 698 and 699 is applicable to the pronouncements, policies, motives, desires and program of Orange Independent School District, its trustees, the Orange County Board of School Trustees and the Superintendent of Schools of Orange County. We quote from such opinion:

"We agree with the Circuit Court of Appeals that the question to be determined is limited to the validity of the contract of January 4, 1934. The pronouncements, policies, and program of the Tennessee Valley Authority and its directors, their motives and desires, did not give rise to a justiciable controversy save as they had fruition in action of a definite and concrete character constituting an actual or threatened interference with the rights of the persons complaining. The judicial power does not extend to the determination of abstract questions. Muskrat v. United States, 219 U.S. 346, 361, 31 S.Ct. 250, 55 L.Ed. [246] 251; Liberty Warehouse Company v. Grannis, 273 U.S. 70, 74, 47 S.Ct. 282, 71 L.Ed. 541 [544]; Willing v. Chicago Auditorium Ass'n, 277 U.S. 274, 289, 48 S.Ct. 507, 72 L.Ed. 880 [884]; Nashville, Chattanooga & St. Louis R. Co. v. Wallace, 288 U.S. 249,

262, 264, 53 S.Ct. 345, 77 L.Ed. 730 [735, 736] 87 A.L.R. 1191. * * * The Act of June 14, 1934, providing for declaratory judgments, does not to attempt change the essential requisites for the exercise of judicial power. By its terms, it applies to 'cases of actual controversy,' a phrase which must be taken to connote a controversy of justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts. See Nashville, Chattanooga & St. Louis R. Co. v. Wallace [288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191], supra."

■ This court cannot add anything to the question before us to the principles stated in California Products, Inc. v. Puretex. Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (March 23, 1960). On p. 781 of 334 S.W.2d, the Supreme Court held:

" 'The rule with respect to the necessity for a justiciable controversy may be stated in the vernacular in this wise: The Uniform Declaratory Judgments Act does not license litigants to fish in judicial ponds for legal advice.' Anderson, Declaratory Judgments, 2d. Ed., Vol. 1, p. 47, quoting from Lide v. Mears, 231 N.C. 111, 56 S.E.2d 404."

On p. 782, the Court further said:
"On appeal the Supreme Court of Pennsylvania says the crucial question is 'do the circumstances here disclosed give any jurisdiction to the court below to enter a declaratory judgment?' The Court then quotes from the Declaratory Judgments Act which provides that courts of record 'within their respective jurisdictions, shall have power to declare rights, status, and other legal relations' between parties where there is a real matter in controversy. These are the identical provisions in our statute—art. 2524–1, Vernon's Ann.Civ.St. The Court then says the Declaratory Judgments Act gives the court no power to grant ad-

visory opinions, or to determine matters not essential to the decision of the actual controversy although such questions may in the future require adjudication, or passing upon contingent or certain other situations."

\* \* \* \* \* \*

"And the Court further says:

" '\* \* \* If such a proceeding (as sought) was to be countenanced, then approval would be given to applications in any like equity case to have a determination as to whether the court's order should be held ineffective, under stated facts depending on contingent and future events, with resulting confusion, and the decree would lack the finality which is contemplated in law."

In the instant case, the court is asked to determine the validity and effectiveness of various statutes if in the future certain things are done. The Declaratory Judgments Act does not contemplate declarations upon matters where the interest of the plaintiff is contingent upon the occurrence of numerous future events, as in this case.

Anderson's Actions for Declaratory Judgment, ch. 2, sec. 17, Vol. 1, p. 67, defines justiciable controversy as follows:

"A controversy is justiciable when there are interested parties asserting adverse claims upon a state of facts which must have accrued wherein a legal decision is sought or demanded."

In the same work, ch. 2, sec. 19, Vol. 1, p. 77, states this:

"In other words, if the construction or validity of a statute or ordinance is drawn into question, the courts will not entertain an action based thereon, seeking a determination as to either the construction or validity thereof, where there is no controversy as to the violation of such statute or ordinance. In

these circumstances, there is no justiciable controversy."

Also, the same text, ch. 2, sec. 18, Vol. 1, p. 74:

"A justiciable controversy is not presented with respect to the validity of the statute regulating the establishment of school or college for the teaching of chiropracty and naturopathy since it was not made to appear that the plaintiffs had applied for a license to establish such schools and the same had been denied. The only reason that a declaratory judgment was required it was claimed to be the need for the establishment of such schools in the state, but the court held that this argument fell short of presenting to the court a justiciable issue or controversy to comply with the fundamental requirement of the declaratory judgment statute.

"This is but an application of the elementary, but fundamental rule, that a declaratory judgment proceeding will not lie to have the court determine whether a statute or ordinance is abstractedly valid or invalid."

■ Neither appellants nor appellees cite any authoritative decision holding that a declaratory judgment can be had under the pleadings and record in this case. There is not justiciable controversy in this cause, for which reason the trial court lacked jurisdiction. Since the trial court lacked jurisdiction, this court lacks jurisdiction. Constitution of the State of Texas, Art. 5, Section 6, Vernon's Ann.St.; Art. 1819 and Art. 1822, R.C.S.T. Advisory power is not given to this court by the Legislature. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933). This court is not considering any phase of this lawsuit except jurisdiction.

For the reasons stated, the judgment of the trial court is reversed and this cause is dismissed without prejudice to the rights of the parties hereto.