**Friedel REUTER et al., Appellants,**

v.

**CORDES–HENDREKS COIFFURES, INC., et al., Appellees.**

**No. 32.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 8, 1967.

194

Aaron Goldfarb and Sidney Wright, Houston, for appellants.

William E. Wright, Butler, Binion, Rice, Cook & Knapp, Houston, for appellees.

SAM D. JOHNSON, Justice.

This is a declaratory judgment action. It was brought in the trial court by appellants for an adjudication that a written compromise settlement agreement containing covenants against competition was null and void as a matter of law, or, in the alternative, that the restrictions as to time and place are unreasonable and should be modified. The case was tried to a jury which answered all special issues in favor of the appellees, defendants below, and judgment was rendered on the verdict of the jury that all relief sought by appellants be denied.

Initially, appellees were the owners and operators of a beauty salon that was later expanded to two incorporated businesses of the same nature. At different times, each of the three plaintiffs were employed as hairstylists and two of them, at the time of their employment, executed a written contract with their employer providing negative covenants against competition. During employment, and for a period of three years following termination, they were to be prohibited from engaging in the practice of hairdressing or cosmetology in Houston or Harris County or within fifty miles from any beauty salon operated by the employers. The third plaintiff did not execute an employment contract. On different subsequent dates each of the plaintiffs terminated their employment and thereafter began practicing cosmetology within the restricted time and area.

As a result of this action on the part of the former employees, a previous suit was filed by appellees here against two of the appellants in this action for damages and to enjoin such practice. That suit was terminated by the compromise settlement agreement which provided that they, the former employees and appellants here, for a period of ten years, were not to engage in the practice of hairdressing or cosmetology within a portion of Harris County and two additional designated cities. In turn, and for the same period, the employers, and

appellees here, were not to practice in the remaining portion of Harris County or in another additional designated city. By a letter agreement, the third plaintiff and appellant here, made himself a party to the compromise settlement agreement. The judgment of the court in that former action recited that all matters in controversy had been settled and that the plaintiffs were to take nothing.

It is the compromise settlement agreement that is here in issue. The trial court was requested, under the Declaratory Judgment Act of this State, Art. 2524–1, Vernon's Ann.Civ.St., to declare the compromise settlement agreement to be violative of the Anti-Trust laws of this State, Articles 7426–7438, V.A.C.S., and to be null and void as a matter of law. In the alternative, the trial court was requested to order equitable reformation of the restrictive covenants that the compromise settlement agreement contained.

The jury verdict found that the restrictive covenants against competition that were contained in the compromise settlement agreement were reasonable and necessary and that the appellees here had relied on the provisions of the compromise settlement agreement to their detriment. The judgment of the trial court denied all declaratory and equitable relief sought by the appellants, recited that all matters of fact and law were found in favor of appellees and further recited that appellants were without "clean hands." Appellants made no motion for new trial and their motion for judgment notwithstanding the verdict of the jury was overruled in the judgment.

Appellants urge two points of error: that the trial court erred in denying their motion for judgment notwithstanding the verdict of the jury because the compromise settlement agreement is invalid as a matter of law, and secondly, that the court erred in denying their motion for judgment notwithstanding the verdict of the jury because the reasonableness of the restrictions as to time and area contained in the compromise settle-

ment agreement were not issues of fact to be determined by the jury but were questions of law to be determined by the court and that the evidence showed that the restrictions were unreasonable and excessive.

This opinion will be based on appellee's first counterpoint making it unnecessary to consider the remaining matters that are urged by appellees. It is that the trial court did not abuse its discretion in denying appellants' declaratory relief since appellants' proof failed to establish a justiciable controversy within the requirements of the Texas Declaratory Judgment Act.

■■■ It is basic that "a justiciable, actual, real and bona fide controversy" is essential to the maintenance of a declaratory judgment action. Harris County Tax Assessor-Collector v. Reed, Tex.Civ.App., 210 S.W.2d 852, no writ history. "Expediency and a desire not to function in the abstract, but to decide only concrete contested issues conclusively affecting adversary parties in interest, have induced a refusal to render advisory opinions or decide moot cases. Actions or opinions are denominated 'advisory' * * * where the judgment sought would not constitute specific relief to a litigant or affect legal relations * * *. The distinguishing characteristic of such issue is that they involve no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations." Borchard Declaratory Judgments, 2d Ed. pp. 34, 35.

■■■ In the case at bar, one of the appellants testified that the terms of the compromise settlement agreement were "unreasonable" and that he had not "wanted" the ten year restriction when he signed the settlement agreement. He further testified that he had taken no action toward negotiation for lease space in the prohibited area and that "we have never done anything" about it. He was asked specifically, "and at this time you have no basic intention of opening a shop up within the area of restriction in the compromise agreement?" His answer, "No, sir." The record makes

apparent that the plaintiffs were "not pleased," were "not happy" and did not "like" the agreement they had previously made. It is equally apparent that they deemed the terms of the agreement "unreasonable." Nowhere, however, does the record reflect a present or prospective intention on the part of the appellants to engage in the practice of cosmetology in the prohibited area. The record does not indicate the imminence of litigation between the parties unless the contractual uncertainties were judicially declared. "A mere difference of opinion, not involving the assertion of adverse interests, is not sufficient to support an action for declaratory judgment." 26 C.J.S. Declaratory Judgments, § 29, p. 106.

In Spradley v. Whitehall, Tex.Civ.App., 314 S.W.2d 615, n. w. h., the court affirmed the action of the trial court in refusing to declare the validity of restrictive covenants upon finding that the owners of the residential lots in question were "not threatening to violate any covenants of restriction relating thereto." In effect, the appellate court approved the action of the trial court in refusing declaratory relief for the reason that no justiciable controversy existed in the absence of any real threat or intention of a violation of the restrictions.

In California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780, plaintiffs California Products, sought a declaratory judgment to determine whether or not the design of a bottle in which they proposed to market citrus juice would violate the terms of an existing injunction prohibiting them from marketing with containers similar in shape and design with the defendants, Puretex. The action for declaratory judgment was tried to a jury which found that the proposed bottle was not so similar in shape and design as to deceive the buying public. The court's judgment gave the prayed for Declaratory Judgment to California Products exculpating them from the prohibition of the prior judgment with respect to the proposed marketing. Here there was the aspect of legal

apprehension which the declaration sought to settle, and an effort on the part of the plaintiff to determine his legal obligations before hazarding violation of the injunction. Nonetheless, the Supreme Court found the proof of a justiciable controversy insufficient to sustain affirmative declaratory relief observing that the plaintiff was fishing for legal advice in "judicial ponds."

We are of the opinion that the plaintiffs' proof in this record presents no "actual, genuine, live, controversy." A declaratory judgment in this instance would be in the nature of an advisory opinion that might or might not affect the future relations of the parties, that might or might not afford "specific relief," that might or might not affect the "legal relations" of the parties. Whether or not it did so, in each instance, would have to be later determined by what, if any, subsequent action the parties took. "The court will not declare rights on facts which have not arisen or adjudicate matters which are contingent, uncertain, or rest in the future. A future right or interest which is dependent on a contingency or event which may never happen is not the proper subject of a declaratory judgment." 26 C.J.S. Declaratory Judgments, § 28, p. 104.

The record that is presently before this Court does not portray a justiciable controversy that is essential to jurisdiction.

The absence of a justiciable controversy to confer jurisdiction is presented for the first time to this court; however, it does not appear that it was presented or urged before the trial court. The burden of establishing jurisdiction, of proving a justiciable controversy, clearly falls on the moving party, appellants here. "Ordinarily one who first requests the intervention of a court in his behalf—who asserts a right or a duty and demands a remedy—is properly required to carry the burden of proving his right to the remedy * * *. When, by statute, a litigant is allowed to initiate judicial action merely to determine his legal

relationships, the logic of the above situation is unchanged." Pace Corp. v. Jackson, 155 Tex. 179, 284 S.W.2d 340, 350. In Burkhart v. Horn, Tex.Civ.App., 369 S.W. 2d 680, no writ history, the plaintiff brought an action for declaratory judgment establishing his right under an oil and gas lease but failed to offer proof of the commencement of drilling operations necessary to perpetuate his lease. Under this failure of proof, the court held that the plaintiff had not established a justiciable controversy with appellees as to the leasehold estate asserted by him. In order to do this, the burden was upon him to show that the lease had not terminated by its own provisions.

In Orange Independent School Dist. v. West Orange Independent School Dist., Tex.Civ.App., 390 S.W.2d 81 (writ ref., n. r. e.), there was a controversy between the two school districts, between proponents of consolidating the districts and the West Orange district who wishes to maintain its corporate identity. The Orange district sought a declaratory judgment concerning the legality of the procedures contemplated in the proposed consolidation and the West Orange district counter-claimed seeking a declaration adverse to that sought by plaintiff. The plaintiffs had declared their intention to petition for an election to abolish the Orange district for the purpose of reorganization into one common school district. The case was tried to a jury, a jury verdict returned and a judgment secured thereon. The Beaumont Court, however, reversed the judgment of the trial court and dismissed the action and succinctly stated, "There is not justiciable controversy in this cause, for which reason the trial court lacked jurisdiction. Since the trial court lacks jurisdiction, this court lacks jurisdiction. Constitution of the State of Texas, Art. 5, Section 6, Vernon's Ann.St.; Art. 1819 and Art. 1822, R.C.S.T. Advisory power is not given to this court by the Legislature. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933). This court is not considering any phase of this lawsuit except jurisdiction."

"It is elementary law that courts have no jurisdiction to render declaratory a judgment in the absence of a justiciable or actual controversy—in other words the existence and presentation to the court of an actionable or justiciable controversy is essential to the exercise of jurisdiction by the court appealed to." Anderson, Actions for Declaratory Judgments, Vol. 1, Sec. 16, pp. 65–67.

 Proof of a justiciable controversy is an essential element of jurisdiction. In the absence of its proof the trial court lacked jurisdiction and, as the Beaumont Court recites, so does the appellant court.

For the reasons stated, the cause is dismissed for want of jurisdiction.