**Jim BYRD and Friendly Chevrolet Co., Appellants,**

v.

**Mahyar M. FARD, Appellee.**

**No. 18908.**

Court of Civil Appeals of Texas, Dallas.

July 22, 1976.

Rehearing Denied Aug. 12, 1976.

R. Jack Ayres, Jr., Kelsoe, McDonald & Ayres, Dallas, for appellants.

John Hill, Atty. Gen., Philip K. Maxwell, Asst. Atty. Gen., Austin, for State of Texas pursuant to the Texas Declaratory Judgment Act.

AKIN, Justice.

This is an appeal from a judgment of the trial court denying Jim Byrd and Friendly Chevrolet Company, defendants and cross-plaintiffs, relief on their counterclaim for a declaratory judgment to declare unconstitutional Title 2, Chapter 17, Subchapter E of the Texas Business and Commerce Code (Vernon Supp.1975), commonly known as the Deceptive Trade Practices-Consumer Protection Act. The trial court, however, granted defendants' summary judgment with respect to the action initiated by plaintiff Mahyar Fard and denied defendants' declaratory relief. Because we hold that no real controversy between the litigants existed after summary judgment was granted in defendants' favor, the judgment of the trial court is affirmed.

This action was initiated by Mahyar Fard against Byrd and Friendly Chevrolet to recover damages for losses allegedly suffered by plaintiff due to fraudulent misrepresentations allegedly made by Friendly's agent during the sale of a 1975 Blazer automobile. Fard alleged that Friendly's salesman represented that the automobile would average approximately sixteen miles per gallon whereas he contended that the automobile actually averaged only eight miles per gallon. Furthermore, Fard alleged that these misrepresentations induced his purchase of the automobile and were, consequently, in violation of the Texas Deceptive Trade Practices-Consumer Protection Act. Defendants moved for summary judgment contending that the representations made were statements of opinion and that Friendly's agent was without authority to make any statement which would vary the terms of Friendly's finance contract. Defendants also filed a counterclaim seeking a declaratory judgment pursuant to Tex.Rev. Civ.Stat.Ann. art. 2524–1, § 2 (Vernon 1965). In this counterclaim defendants alleged that they would be subjected to a plethora of litigation under the Texas Deceptive Trade Practices Act and that the statute is in violation of their constitutional rights of due process and freedom of speech and expression. The trial court granted defendants' motion for summary judgment but denied their counterclaim for declaratory relief. From that part of the trial court's order denying defendants declarato-

ry relief, they have appealed. Fard has not appealed nor filed a brief in opposition.

■ The Declaratory Judgment Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 2 (Vernon 1965) states: "Any person interested under a . . . written contract . . whose rights . . . are affected by a Statute . . . may have determined any question of construction or validity arising under the . . . Statute . . . ." An essential prerequisite to the maintenance of a declaratory judgment action is the existence of a justiciable controversy. *Board of Water Engineers v. City of San Antonio,* 155 Tex. 111, 283 S.W.2d 722, 724 (1955); *Reuter v. Cordes-Hendreks Coiffures, Inc.,* 422 S.W.2d 193, 196 (Tex. Civ.App.—Houston [14th Dist.] 1967, no writ). A justiciable controversy exists between parties asserting protectable, *present rights. E. g., Cowan v. Cowan,* 254 S.W.2d 862, 865 (Tex.Civ.App.—Amarillo 1952, no writ). Therefore, there must be a real controversy between litigants which would be actually determined by the judgment sought. *Board of Water Engineers v. City of San Antonio, supra* at 724. The burden of establishing justiciable controversy is on the moving party. *Reuter v. Cordes-Hendreks Coiffures, Inc., supra.*

■ Here, defendants' counterclaim for declaratory relief merely recites that they are "subject to prosecution under the statute in this and *in other cases.*" [Emphasis added.] The Declaratory Judgment Act "does not contemplate declarations upon matters where the interest of the plaintiff is contingent upon the occurrence of numerous future events . . . ." *Orange Independent School District v. West Orange Independent School District,* 390 S.W.2d 81, 89 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.). The only real controversy between the parties was determined by the summary judgment in defendants' favor on plaintiff's claim, and that judgment is not before us because plaintiff did not appeal. After plaintiff's claim was determined, the trial court had no parties asserting adverse claims and no facts upon which a decision would be effective. Thereafter, the trial court had no justiciable controversy before it and properly denied, therefore, declaratory relief. *Slinker v. Superior Insurance Co.,* 440 S.W.2d 730, 732 (Tex.Civ.App.—Dallas 1969, writ dism'd).

Judgment affirmed.