Raul L. **LEDE, M.D., Appellant,**

v.

Douglas **AYCOCK, M.D., et al., Appellees.**

No. B2935.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 31, 1981.

Rehearing Denied Feb. 4, 1982.

Jeffrey H. Hubbard, Houston, for appellant.

Mike Johnston & Sullins, Johnston, Rohrbach & Magers, Houston, for appellees.

Before PAUL PRESSLER, MURPHY and PRICE, JJ.

PRICE, Justice.

Appellant, defendant in the trial court, appeals a declaratory judgment determining that his offer to purchase an interest in the partnership was not bona fide. For reasons subsequently stated, we affirm.

Appellees, plaintiffs in the trial court, are partners in Houston Northwest Hospital Properties. By the terms of Article IV, §§ 4.1, 4.3 of their partnership agreement, any partner who plans to "sell, assign, transfer, pledge, hypothecate, or otherwise dispose of or encumber all or any portion" of his interest must offer the remaining partners "the option to purchase all or any portion of the interest." Notice of the "existence of a bona fide offer to purchase his interest by an outside party or parties" is to

be served on the remaining partners by certified mail within thirty (30) days. Such notice shall include "the name and address of the proposed purchaser, the amount and method of payment, including terms, interest and/or collateral ... [and] shall include a sales contract signed by the buyer and a photostat of the earnest money deposit."

The remaining partners may elect to exercise their option to purchase for a period of thirty (30) days following receipt of the above notice. The purchase price to them is "the same consideration to be paid in the same manner and upon the same terms as specified in the notice." This election to purchase may be waived in writing or by failure to give notice of election to purchase within the required thirty days.

In August, 1980, appellant Lede, a non-partner, offered to buy the partnership interest of Paul V. Watson, and notice was timely given to the remaining partners. The offer specifies that the purchase price is payment, for a ten year period, of "all expenses incurred by Paul V. Watson, his wife ... and their children ... in pursuit by them of life, liberty or property other than investing in property."

Following receipt of Watson's notice of intention to dispose of his partnership interest, appellees applied for and received a temporary injunction enjoining Lede from receiving a conveyance of Watson's interest pending a judicial determination on the issue of whether the offer was bona fide. In addition, appellees sought a declaration that the offer was not bona fide.

After a trial on the merits, the case was submitted to the jury on a single special issue which inquired whether the offer was bona fide. The jury answered that it was not and judgment was entered declaring the offer not to be bona fide. From this judgment, appellant appeals and brings five points of error.

In his first point of error, appellant challenges the jurisdiction of the trial court, contending the declaratory judgment is only an advisory opinion.

■ The Declaratory Judgments Act Tex.Rev.Civ.Stat.Ann. art. 2524–1 offers a remedy to persons uncertain of their rights, legal relations, or status where a justiciable controversy exists and declaratory relief will settle the controversy. *Anderson v. McRae*, 495 S.W.2d 351 (Tex.Civ.App.—Texarkana 1973, no writ). As this court explained in *Reuter v. Cordes—Hendreks Coiffures*, 422 S.W.2d 193 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ), "a justiciable, actual, real and bona fide controversy" must exist. An advisory opinion is one which does not "constitute specific relief to a litigant or affect legal relations ...." *Id.* at 196. Such a judgment need not decide every claim at issue between the parties *Southern Nat'l Bank of Houston v. City of Austin*, 582 S.W.2d 229 (Tex.Civ.App.—Tyler 1979, ref'd n. r. e.); perhaps because no declaration of rights can be made where "matters ... are contingent, uncertain, or rest in the future." *Reuter, supra* 422 S.W.2d at 197.

In the case before us, appellees sought a determination that Lede's offer was not bona fide. Appellant argues that in the absence of an election to purchase, such a determination becomes an advisory opinion because it is based on a hypothetical situation; that is, it is not based on an actual factual situation where the partners have elected to purchase.

Appellant relies on *Fireman's Ins. Co. v. Burch*, 442 S.W.2d 331 (Tex.1968) where the basic law is clearly set out: "[T]he Declaratory Judgments Act gives the court no power to pass upon hypothetical or contingent situations or determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication."

Clearly this is a concise statement of the law; however, the facts in our case differ significantly from those considered by the *Burch* court. There, the court reviewed a declaratory judgment in which the trial court determined that an insurance company was obligated to defend its insured and to pay any judgment rendered thereafter against its insured. Justice Norvell's opin-

ion distinguishes between the declaration of a duty to defend, a justiciable issue, and the "attempts to declare the liability of the insurance company upon any judgment which may hereafter be rendered . . . ." *Burch, supra* at 332. The latter is a clear example of an advisory opinion.

■ In contrast, the judgment before us declares that the offer made by Lede in August of 1980 is not a bona fide offer. No argument is made by any party that the offer was contingent or hypothetical in its tender. Appellees sought a declaratory judgment because their right of refusal or election to purchase was only triggered by timely notice of a bona fide offer. Thus, we find a clear and present controversy existed in which adversaries asserted conflicting contentions. The declaratory judgment clearly settled the controversy over whether the offer was bona fide.

■ Appellant also argues that the declaratory judgment was only advisory because Watson, the partner to whom the offer was made, was not a party to the lawsuit.

Appellants' original petition names both Raul Lede and Paul Watson as defendants. The record before us reveals[1] that service of process was issued for Paul Watson but was not served before he moved to Pago Pago in American Samoa. Appellees' motions for continuance were opposed by appellant, who requested a preferential setting of the case. In addition, appellant's counsel told the trial court that Watson was not an indispensable party.

Under The Uniform Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 11 (Vernon 1977), "all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ." This mandatory joinder, like Tex.R.Civ.P. 39, is subject to certain discretionary considerations. *Clear Lake City Water Authority v. Clear Lake Utility*, 549 S.W.2d 385 (Tex.1977). First, "no dec-laration shall prejudice the rights of persons not parties to the proceedings;" and second, where a declaration would not "terminate the uncertainty or controversy giving rise to the proceeding," a court may properly refuse to render judgment. Tex.Rev.Civ. Stat.Ann. art. 2524–1, §§ 11, 6 (Vernon 1977).

Since we have determined that the declaration settled the controversy, the questions before the court below were essentially twofold: whether Watson's rights would be prejudiced by a judgment rendered in his absence, and if so, to what extent such prejudice could be lessened or avoided.

As we view it, the first question above settles the question of whether Watson was an indispensable party. Watson's rights to convey his partnership interest are not prejudiced by the court's judgment under the facts before us. Watson's notice letter of August, 1980 declares his intention to dispose of his partnership interest within 30 days. The terms of the offer from Lede to Watson require a refund of the $10,000 earnest money if the "transaction does not close within sixty (60) days." Even if Watson had no notice of the temporary restraining order or the injunction, both dates of which he was aware have now long since past. The Lede offer expired by its own terms in October, 1980. In addition, § 4.3(2) of the Partnership Agreement, by the terms of which Watson is bound, allows a partner who receives notice[2] from the remaining partners of an election not to purchase to convey his interest within 30 days and stipulates: "If the sale is not completed within such thirty (30) day period, the notice given to such remaining Partners shall be deemed to have expired and a new notice and option shall be required before any sale can be made."

Thus, Watson clearly had notice that some further action would be required of him to consummate his sale before October of 1980 when he left the country, even if he had no notice of the current litigation. The

---

1. In a conversation before the bench.

2. Such notice may be by written waiver or by failure to give notice of election to purchase within the required 30 days.

record before us is silent in regard to any affirmative action by Watson after his initial notice letter to the remaining partners and we see no prejudice to his rights to convey his partnership interest in the future by again submitting notice as required by § 4.3 of the Partnership Agreement. Appellant's first point of error is overruled.

In his second point of error, appellant complains that the single special issue incorrectly placed the burden of proof on the defendant.

■ In actions for a declaratory judgment, the burden of proof falls "upon the party asserting the affirmative of the controlling issues." *Ross v. American Radiator & Standard Sanitary Corp.*, 507 S.W.2d 806 (Tex.Civ.App.—Dallas 1974, ref'd n. r. e.); *McCart v. Cain*, 416 S.W.2d 463 (Tex.Civ. App.—Ft. Worth 1967, ref'd n. r. e.). As McDonald succinctly puts it:

> The ultimate burden of proof is upon the party who, upon the pleadings, asserts the affirmative claim, and who, therefore, in the absence of evidence will be defeated, and hence is not determined by the position of the parties on the docket as plaintiff or defendant in the declaratory action. I R. McDonald, Texas Civil Practice § 2.06 (rev. 1965).

In the case before us, Lede answered by general denial and Aycock, et al, assumed the burden of proof at trial. The trial court instructed the jury that "Plaintiffs have the burden of proving by a preponderance of the evidence that the offer of Dr. Raul Lede . . . was not a bona fide offer." The special issue then asks the jury whether they find "from a preponderance of the evidence that a 'bona fide' offer was made by Dr. Raul Lede to Dr. Paul Watson . . . ."

■ Had Lede sought affirmative relief in his pleading, the burden of proof would have fallen on him. However, plaintiffs assumed the burden of proof at trial. Moreover, the jury was clearly instructed as to plaintiffs' burden. Reading the charge as a whole, as we are bound to do, to

determine the probable effect of the special issue on the minds of the jury, we find that any error in placing the burden on defendant Lede in the special issue was corrected by the positions taken by the parties during the trial and by the court's instruction and was therefore harmless. Tex.R.Civ.P. 434. Appellant's second point of error is overruled.

In his third point of error, appellant contends the "trial court erred in submitting the case to the jury because it [the court] required the jury, through definitions of matters contained in the special issue, to make a determination of law." Specifically, appellant objects to the italicized words in the court's definition that "bona fide offer" means "an offer that is *certain* and *unambiguous* and if accepted must be such an offer that if accepted creates a relationship that *can be enforced by either party*." (italics added) Before submission of the charge to the jury, appellant objected to the definition in the following way:

> Doctor Lede objects to the instruction because it fails to apprise the jury of the requirement for "certainty," requirement for "unambiguous," . . . [and] fails to apprise the jury that "relationship can be enforced by either party."

Appellant also requested his own definition[3] and, in the alternative, suggested a supplemental instruction as follows:

> [T]he jury is further instructed that an offer is presumed to be sufficiently certain and unambiguous until demonstrated to the contrary and that a contract is presumed to be legally enforceable and that every consideration necessary to create a valid contract is to be entertained over any consideration that would invalidate an impending contract. That the parties are presumed to know the law when they enter into a contract and are presumed to intend to enter into a valid and binding contract."

---

**3.** "By the term 'bona fide offer' is meant an offer made honestly and without purpose to

defraud."

The court overruled and denied the above objection, requested definition, and alternative instruction and submitted the definition set out above.

■■■ We note first that submission of a question of law to a jury is harmless unless there is a showing of extraneous prejudice. *Carter v. Associates Discount Corp.*, 550 S.W.2d 399 (Tex.Civ.App.—Amarillo 1977, no writ); *City of Houston v. Howe and Wise*, 323 S.W.2d 134 (Tex.Civ.App.—Houston 1959, ref'd n. r. e.). Furthermore, we point out to appellant that the instruction *does* apprise the jury that the relationship can be enforced by either party.

As to the remaining objections that the jury is not apprised of "requirements" for the words "certainty" and "ambiguous," the court has a duty to define legal and technical terms. *Rendon v. Texas Employers Ins. Ass'n*, 599 S.W.2d 890 (Tex.Civ.App.—Amarillo 1980, ref'd n. r. e.). The court also has "discretion as to the form of instructions and definitions; and such definitions will not be held erroneous if they are reasonably clear and enable the jurors to understand the phrases and words." *D. W. L. v. M. J. B. C.*, 601 S.W.2d 475 (Tex.Civ.App.—Houston [14th Dist.] 1980, ref'd n. r. e.). In our opinion, the words "certain" and "unambiguous" are within the lay juror's vocabulary and do not require definitions as legal or technical terms. Furthermore, in *Jones v. Riley*, 471 S.W.2d 650 (Tex.Civ.App.—Ft. Worth 1971, ref'd n. r. e.), the court clearly defines a bona fide offer as one made in good faith which, on acceptance, becomes a valid and binding contract enforceable by any party to it. In fact, the disputed instruction almost tracks the language of *Jones.* The definition in the instant case is not erroneous in any of the particulars complained of by appellant in his objections to the charge. Thus, we overrule appellant's third point of error.

We have considered appellant's remaining points of error and find them without merit.

The judgment is affirmed.