TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00709-CV







James W. Paulsen; Independent Bankers Association of Texas; Texas Bankers Association;
and Texas Savings & Community Bankers Association, Appellants


v.


Texas Equal Access to Justice Foundation, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. 98-06951, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING






 Appellants James W. Paulsen (Paulsen), Independent Bankers Association of Texas,
Texas Bankers Association, and Texas Savings and Community Bankers Association (collectively,
Bankers) sued the Texas Equal Access to Justice Foundation (the Foundation), appellee, seeking
declaratory and injunctive relief. The trial court denied all requested relief. The Texas Supreme
Court then declined to hear a direct appeal. Before this Court, appellants have abandoned the
request for injunctive relief and now seek only a declaration that (1) IOLTA ("interest on lawyers
trust account") accounts generally and in this particular case are "general" not "special" accounts;
(2) the relationship between an attorney-depositor and the financial institution that administers an
IOLTA account is that of creditor and banker, respectively; (3) the financial institution holds legal
title to all sums deposited in the IOLTA account at issue in this case; (4) the financial institution
incurs no legal liability to third parties, including the attorney's clients, solely because it
participates in the IOLTA program; and (5) Paulsen is not subject to professional discipline for
failure to participate in the Texas IOLTA program, pending definitive resolution of that program's
constitutionality. We will vacate the trial court's judgment and dismiss the cause for lack of a
justiciable controversy.


FACTUAL AND PROCEDURAL BACKGROUND


 The Texas IOLTA program, like similar programs instituted in almost every other
state, was established to raise money to provide legal assistance to low-income Texans. The
"Rules Governing the Operation of the Texas Equal Access to Justice Program" oblige attorneys
to participate, subject to suspension of their law licenses. See Tex. R. Equal Access to Justice
Prog. 24 (State Bar Rules art. 11). When an attorney holds client funds, the money should
ordinarily be deposited into a trust account to earn interest for the client. But where the amount
held is nominal, such that it could not be expected to earn enough interest to offset the cost of
maintaining a separate trust account, the funds are required to be deposited into an IOLTA
account. See Tex. R. Equal Access to Justice Prog. 4, 6. The IOLTA account pools all such
deposits from the attorney; collectively, the sums generate interest where no individual deposit
could. The interest is then paid to the Foundation, which distributes the interest received from
all IOLTA accounts in Texas to low-income legal services. See Tex. R. Equal Access to Justice
Prog. 4, 10.

 A constitutional takings challenge to Texas's IOLTA program was brought in
Phillips v. Washington Legal Foundation, which resulted in a 1998 United States Supreme Court
decision holding that interest earned on an IOLTA account is the private property of the clients
of the attorney who established the account. 524 U.S. 156, 172 (1998). That case is now on
remand to the United States District Court for the Western District of Texas for further
proceedings to determine whether those funds have been "taken" by the state without just
compensation. While Phillips did not decide the ultimate issue of whether compliance with the
IOLTA program effectuates a governmental taking of client property, it is fair to say that the
constitutionality of the program is uncertain in the wake of the Supreme Court's decision. It is
that uncertainty that appellants hope to resolve in this action.

 The Phillips decision left many questions unanswered, in part because of the
procedural framework in which the case was brought. That case was an appeal from the trial
court's grant of summary judgment and so arrived before the Supreme Court without the benefit
of discovery. Since the record was essentially devoid of details, the Phillips decision made no
reference to banking law or the particulars of an IOLTA contract between an attorney and bank. 
The Phillips decision therefore makes no reference to the distinction recognized in Texas banking
law between "general" and "special" accounts; this distinction, appellants assert, would have led
to a different ruling. Appellants urge us to clarify what they characterize as the Supreme Court's
misstatement of Texas law and to hold that both the principal and the interest earned on "general"
accounts--and IOLTA accounts are apparently all "general"--are the property of the bank and not
the client. Since the interest earned is bank property, appellants argue, there is no
unconstitutional taking involved when the bank pays that interest to the Foundation.

 All parties to this suit agree on the constitutionality of IOLTA. Appellant Paulsen
is an attorney who has received a $1,000 retainer from a client and claims uncertainty as to his
rights and obligations with respect to this money. The Equal Access to Justice Rules require him
to deposit the $1,000 in an IOLTA account or risk suspension of his license to practice law, yet
he claims the Phillips decision exposes him to liability to his client for breach of fiduciary duties
if he does deposit the funds. Bankers are the principal trade organizations for Texas financial
institutions. They claim that the contracts signed by their members and attorneys establishing
IOLTA accounts are brought into question by the Phillips decision. While the banks are
contractually obligated to pay IOLTA interest to the Foundation, they also fear liability from
threatened lawsuits should they continue to participate in the IOLTA program.

 Appellee, the Foundation, does not disagree with appellants as to the
constitutionality of the IOLTA program. In fact, the Foundation has vigorously defended the
IOLTA program as a defendant in the ongoing Phillips litigation. It apparently disagrees with
appellants only as to how far this Court should go in deciding the ultimate constitutional issues
involved. This lack of adversarial debate between the parties was noted in an amicus brief
tendered by David Furlow, an attorney who disputes the constitutionality of the IOLTA program.



DISCUSSION


 The Uniform Declaratory Judgments Act gives courts the power to "declare rights,
status, and other legal relations whether or not further relief is or could be claimed." Tex. Civ.
Prac. & Rem. Code Ann. § 37.003 (West 1997). The determination of jurisdiction over a
declaratory judgment action is a question of law and so is subject to de novo review. See Texas
Dep't of Pub. Safety v. Moore, 985 S.W.2d 149, 153 (Tex. App.--Austin 1998, no pet.).

 An action for declaratory relief is subject to the same jurisdictional requirements
as any other action brought in our courts. "Subject matter jurisdiction requires that the party
bringing the suit have standing, that there be a live controversy between the parties, and that the
case be justiciable." State Bar of Tex. v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994) (plurality
opinion) (citing Texas Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 443-46 (Tex.
1992)). The parties before us cannot satisfy these threshold jurisdictional requirements. Because
the trial court lacked subject matter jurisdiction over this case, we will vacate that court's
judgment and dismiss the cause.


Appellant Paulsen

 Paulsen seeks declaratory judgment because, by refusing to deposit a $1,000 client
retainer in his IOLTA account, he claims he faces the imminent suspension of his law license. 
It is not at all clear from the record that the suspension of Paulsen's license is inevitable or
imminent. In a post-submission brief, however, Paulsen attached a letter he received from the
Foundation informing him that disciplinary action will be initiated if he does not comply with
IOLTA rules. Assuming without deciding that we can consider this letter, and further assuming
that the letter confers standing on Paulsen, we nonetheless conclude that his suit must be dismissed
for want of jurisdiction, for he has not demonstrated any justiciable controversy with his putative
opponent in this case.

 The crux of the claimed dispute between Paulsen and the Foundation lies in the
interpretation of the Supreme Court's Phillips decision. Paulsen argues that if we accept as a
correct statement of Texas law the Phillips holding that interest earned in IOLTA accounts is
client property, (1) then the decision places him in an ethical quandary. If he continues to participate
in the IOLTA program, Paulsen believes he breaches his ethical duty to his client when he
contracts with his bank to turn IOLTA interest over to the Foundation. On the other hand, if he
does not give the interest to the Foundation, he breaches professional ethics rules and stands to
lose his law license. The Foundation disagrees with Paulsen only as to whether Phillips creates
ethical uncertainty. It believes that Phillips answered only the question of whether a client could
ever have a property right in interest that would not exist without the IOLTA program; the
Foundation believes Phillips did not establish conclusively that IOLTA interest is always client
property. That question will be decided by the federal district court on remand. This dispute,
then, centers on how broadly Phillips can be read.

 What is troubling about this appeal is that the parties all believe that an attorney
can ethically participate in the Texas IOLTA program. Paulsen merely claims that someone else
might construe Phillips differently, and that such an alternate interpretation would put him in an
ethical bind. With no true opponent in the Foundation, what Paulsen seeks, in essence, is an
advisory opinion interpreting a decision from the Supreme Court to resolve his doubts about the
IOLTA program. But, of course, the separation of powers doctrine prevents us from complying
with this request. Neither the legislature nor the constitution has vested us with the authority to
render an advisory opinion. See Tex. Const. art. II, § 1; Olson v. Commission for Lawyer
Discipline, 901 S.W.2d 520, 522 (Tex. App.--El Paso 1995, no writ). We therefore hold that
Paulsen has presented no justiciable controversy between himself and the Foundation.


Appellant Bankers

 Bankers claim to have standing in this declaratory relief action because they are
faced with uncertainty and insecurity in their performance of current contracts with the
Foundation. (2) The Uniform Declaratory Judgments Act specifically provides that "a contract may
be construed either before or after there has been a breach." Tex. Civ. Prac. & Rem. Code Ann.
§ 37.004(b) (West 1997); see also In re City of Dallas, 977 S.W.2d 798, 804 (Tex. App.--Fort
Worth 1998, no pet.); Hasty Inc. v. Inwood Buckhorn Joint Venture, 908 S.W.2d 494, 499 (Tex.
App.--Dallas 1995, writ denied). Section 37.004 does not, however, extend an open-ended
invitation to parties seeking interpretation of their contracts. There must be some showing that
litigation is imminent between the parties unless the contractual uncertainties are judicially
resolved. See Reuter v. Cordes-Hendreks Coiffures, Inc., 422 S.W.2d 193, 196 (Tex. Civ.
App.--Houston [14th Dist.] 1967, no writ).

 Bankers have not demonstrated any imminent contractual dispute with the
Foundation. As primary proof of their grounds for uncertainty, Bankers cite a letter from Michael
Mazzone (3) to appellant banking groups warning that the banks could face liability for the tort of
conversion for any interest paid by them to the Foundation after the Phillips decision. In the
letter, Mazzone ominously warned that he has "personal knowledge that there are lawyers who
are planning a class action lawsuit against a number of banks."

 Mazzone's letter is insufficient to support an action for declaratory judgment. It
amounts to a threat from a stranger to this action who refers to unnamed sources who may be
contemplating a lawsuit at some point in the future. Bankers' feared liability to theoretical
litigants is simply too remote to support a claim for declaratory relief. Further, it does not appear
that the litigation the Bankers fear would even involve the Foundation. Mazzone's letter warned
banks that they could be liable for the tort of conversion if they continue to pay IOLTA interest
to the Foundation. In that event, any liability for conversion would be to the clients of the
depositing attorneys and not to the Foundation.

 Bankers, as evidenced by their briefs, strongly believe that IOLTA is constitutional
and apparently intend to honor their contracts establishing IOLTA accounts unless and until a
court declares the IOLTA program unconstitutional. Even assuming that the Foundation would
have standing to protect its right as third-party beneficiary to the interest earned on IOLTA
accounts, there is no justiciable controversy where, as here, there is an absence of any real threat
or intention to breach a contract. See id. (citing Spradley v. Whitehall, 314 S.W.2d 615, 619
(Tex. Civ. App.--Fort Worth 1958, no writ)). The trial court, therefore, lacked jurisdiction to
grant the relief sought by Bankers.


True Controversy

 The only issue on which the parties to this case seem to disagree is how broadly
Phillips should be read. Appellants paint a doomsday picture that throws all banking practices
into uncertainty unless we hold that the Supreme Court misstated Texas law, grant declaratory
relief reiterating the distinction between "general" and "special" accounts, and explicitly hold that
IOLTA is constitutional. Appellants assert in the alternative that if, despite their arguments to the
contrary, we believe Phillips is correct, we should hold IOLTA expressly unconstitutional. The
Foundation thinks the Phillips holding is more narrow than appellants read it; they have no qualms
with a declaration from this Court that IOLTA is constitutional, but they urge us to refrain from
deciding IOLTA is unconstitutional on the strength of the Phillips decision. They otherwise have
no dispute with appellants' position and encourage us to grant the declaratory relief sought.

 We must not decide a case that amounts to no more than a disagreement on how
broadly the Phillips decision can be read. "A mere difference of opinion, not involving the
assertion of adverse interests, is not sufficient to support an action for declaratory judgment." 
Reuter, 422 S.W.2d at 196 (quoting 26 C.J.S. Declaratory Judgments, § 29 (1956)). In spite of
the injuries and uncertainties appellants claim they will suffer, it seems they have no real dispute
with the Foundation. This case has been marked throughout by a near-total lack of true
controversy between the parties. The trial below was very brief. Paulsen was the only witness
who testified, and cross-examination by the Foundation's lawyer was perfunctory, consisting of
only three questions to confirm that the Phillips court did not determine the ultimate
constitutionality of the IOLTA program. On appeal, the Foundation has not even raised the
strongest reasons in support of the trial court's judgment--those jurisdictional issues we have
detailed above; indeed, appellee's brief is a mere seven pages long. They are seven well-written
and thoughtful pages, to be sure, but the brevity underscores the lack of true controversy in this
case.

 Whatever dispute appellants claim to have with the Foundation is clearly secondary
to their desire to have this Court effectively overrule the U.S. Supreme Court, declaring that the
Court misinterpreted Texas law in its Phillips ruling. Appellants' briefs focus almost exclusively
on the constitutionality of IOLTA, paying only minor attention to the claimed dispute with the
Foundation.

 We are not unsympathetic to appellants' arguments. The Phillips decision does
appear to have at least overlooked, if not misstated, a large body of Texas banking law that
distinguishes between "general" and "special" accounts. See, e.g., Texas Commerce Bank v.
Townsend, 786 S.W.2d 53 (Tex. App.--Austin 1990, writ denied). In a general account, Texas
law is clear that the financial institution holds title to the funds deposited. See id. at 54. 
Paulsen's contract with his bank establishing an IOLTA account expressly states that it is a general
account. Since the Phillips court stated that "interest follows principal," Phillips, 524 U.S. at
165-66, the natural conclusion would be that the interest earned in an IOLTA account belongs to
the banks as well. This appears to be in direct conflict with the actual Phillips holding that
interest earned in an IOLTA account is the property of the attorney's client. See id. at 172.

 Whatever our impressions of the constitutional arguments in support of IOLTA,
however, this particular case provides a singularly inappropriate context for deciding those issues. 
Both appellants and the Foundation are committed to upholding the constitutionality of the IOLTA
program. In its brief the Foundation candidly admits that it does not contest the central legal
premises of appellants' argument, and emphasizes that the Foundation is making the same pro-IOLTA arguments in the ongoing Phillips litigation in the federal district court.

 In their arguments, the parties attempt to demonstrate that they are not in
unanimous agreement on how far this Court might go if we were to agree with the Supreme
Court, but neither side ever seriously argues that IOLTA could be anything but constitutional. 
The hair-splitting difference between the parties' positions hardly presents the sort of robust
debate a court should expect and demand when a major constitutional ruling is at issue. At core,
both appellants and the Foundation are in total agreement that IOLTA should be declared
constitutional. It would be inappropriate for us to decide an issue of such gravity where there has
been no genuine debate. In fact, the Supreme Court has expressly held that where both litigants
agree on the constitutionality of a statute being challenged and desire the same result, there is no
case or controversy before the court. See Moore v. Charlotte-Mecklenburg Bd. of Educ., 402
U.S. 47, 48 (1971).

 Truly, the appropriate forum for deciding the issues at the heart of this appeal is
in the federal district court, where the Phillips litigation is now pending on remand and the court
is faced squarely with the constitutionality of IOLTA. If the facts of this case were altered only
slightly, we would be required to defer to that court's proceeding, for there is a wide body of law
that would prevent us from deciding this declaratory judgment action if another action were
pending between the same parties which would adjudicate the issues involved in the present
action. See Texas Liquor Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891, 895 (Tex.
1970); Tucker v. Graham, 878 S.W.2d 681, 683 (Tex. App.--Eastland 1994, no writ); Southern
Traffic Bureau v. Thompson, 232 S.W.2d 742, 750 (Tex. Civ. App.--San Antonio 1950, writ ref'd
n.r.e.). Because the parties before us are not identical to those involved in the Phillips litigation, 
that doctrine cannot squarely dispose of this case. (4) The parties before us could, however, have
intervened in the Phillips suit and presented their constitutional arguments in a more direct fashion
to the district court. That case has been hotly contested and is certain to involve a much fuller
and more balanced debate than has developed in the present cause. For that reason, the ongoing
Phillips litigation would be a more appropriate forum for settling the question of whether the
IOLTA program creates an unconstitutional taking of client property.


CONCLUSION


 We hold that appellants have not presented this Court or the trial court with a
justiciable controversy. Paulsen seeks an advisory opinion from this Court interpreting a United
States Supreme Court opinion. Bankers face no imminent litigation over their IOLTA contracts,
and their claimed uncertainty as to their rights and obligations is insufficient to present the court
with a justiciable action. For these reasons, the trial court lacked subject matter jurisdiction over
the action presented; we therefore vacate that court's judgment and dismiss the cause.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Judgment Vacated and Cause Dismissed

Filed: December 2, 1999

Publish

1.          Of course, Paulsen does not really want us to accept this as true at all. He frames the
issue in these terms to attempt to create a justiciable controversy between himself and the
Foundation. The real goal of the litigation is apparently to have this Court decide that the U.S.
Supreme Court was wrong in so holding, and that consequently IOLTA is constitutional under
Texas law. We discuss infra why the present case is an inappropriate one for deciding that issue.
2.          In an IOLTA contract, the Foundation is declared to be a third-party beneficiary to the
contract between the financial institution and the attorney who establishes the account.
3.          Mazzone is a named plaintiff in the Phillips litigation.
4.          Paulsen is not a party to the Phillips case, but he was involved in the case to the extent
that he drafted the amicus curiae briefs tendered to the Fifth Circuit Court of Appeals on behalf
of the state bars of Texas, Mississippi, and Louisiana in support of IOLTA. The Foundation is
a party to the ongoing Phillips litigation, but Bankers are not.


 total agreement that IOLTA should be declared
constitutional. It would be inappropriate for us to decide an issue of such gravity where there has
been no genuine debate. In fact, the Supreme Court has expressly held that where both litigants
agree on the constitutionality of a statute being challenged and desire the same result, there is no
case or controversy before the court. See Moore v. Charlotte-Mecklenburg Bd. of Educ., 402
U.S. 47, 48 (1971).

 Truly, the appropriate forum for deciding the issues at the heart of this appeal is
in the federal district court, where the Phillips litigation is now pending on remand and the court
is faced squarely with the constitutionality of IOLTA. If the facts of this case were altered only
slightly, we would be required to defer to that court's proceeding, for there is a wide body of law
that would prevent us from deciding this declaratory judgment action if another action were
pending between the same parties which would adjudicate the issues involved in the present
action. See Texas Liquor Control Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891, 895 (Tex.
1970); Tucker v. Graham, 878 S.W.2d 681, 683 (Tex. App.--Eastland 1994, no writ); Southern
Traffic Bureau v. Thompson, 232 S.W.2d 742, 750 (Tex. Civ. App.--San Antonio 1950, writ ref'd
n.r.e.). Because the parties before us are not identical to those involved in the Phillips litigation, 
that doctrine cannot squarely dispose of this case. (4) The parties before us could, however, have
intervened in the Phillips suit and presented their constitutional arguments in a more direct fashion
to the district court. That case has been hotly contested and is certain to involve a much fuller
and more balanced debate than has developed in the present cause. For that reason, the ongoing
Phillips litigation would be a more appropriate forum for settling the question of whether the
IOLTA program creates an unconstitutional taking of client property.


CONCLUSION


 We hold that appellants have not presented this Court or the trial court with a
justiciable controversy. Paulsen seeks an advisory opinion from this Court interpreting a United
States Supreme Court opinion. Bankers face no imminent litigation over their IOLTA contracts,
and their claimed uncertainty as to their rights and obligations is insufficient to present the court
with a justiciable action. For these reasons, the trial court lacked subject matter jurisdiction over
the action presented; we therefore vacate that court's judgment and dismiss the cause.