Opinion issued November 18, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00043-CV




IN THE INTEREST OF K.D.E. AND B.S.E., MINOR CHILDREN




On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2003-14309




MEMORANDUM OPINION 
          This is an appeal of the trial court’s order denyng the relief requested by
appellants, Peter Shelby Evans and his life partner, Kenneth Rhydell McMillan, in a
suit affecting the parent-child relationship. In their sole issue, Evans and McMillan
contend that the trial court abused its discretion in denying relief. We vacate the
order and dismiss the cause. 
BACKGROUND
          After the death of their mother, Penny Evans, K.D.E. and B.S.E. came to live
with their father, Evans, and his life partner, McMillan. Approximately three months
later, Evans and McMillan filed a petition in a suit affecting the parent-child
relationship (SAPCR) in which they asked to be appointed joint managing
conservators of the children. Evans and McMillan presented an agreed order naming
themselves as joint managing conservators and granting each of them, equally, many
of the rights and duties of parents as found in the Family Code. See Tex. Fam. Code
Ann. §§ 153.073, 153.074, 153.076, 153.132, 153.133 (Vernon 2002 & Supp. 2004-2005). They each are granted the rights of parents at all times (section 153.073), the
rights and duties during periods of possession (section 153.074), the duty to provide
information (section 153.076), and the rights and duties of parents appointed sole
managing conservators (section 153.132). The agreed order grants both managing
conservators “the right to establish the primary residence of the children without
regard to geographic location when the children are in their possession.” The order
further provides that the conservators will have equal access to the children at all
times and that there will be no provisions for possession and access or child support
because the parties are cohabitants and are both responsible for the children’s support. 
           At a hearing before the associate judge of the court, Evans testified that the
children had lived with him and McMillan since their mother’s death, that he and
McMillan shared in the responsibility for the children and jointly provided for their
support, and that he and McMillan could share in the plans and the decision-making
process for the children. Evans also testified that the children had expressed their
love and affection for McMillan. He asked the court to approve the joint order and
said that he believed that the order was in the best interests of the children. 
          McMillan testified that he and Evans had been together for 10 years, that he
had shared in the responsibility for the children, that he and Evans had made joint
decisions with regard to the children’s education and health, and that he and Evans
had a “shared vision” for the children’s well-being. He stated that he had provided
some actual support for the children and was asking the court to appoint him as a joint
managing conservator of the children. 
          The court denied the requested relief in an order signed on December 15, 2003. 
In its findings of fact and conclusions of law, the trial court found that “[n]o evidence,
or insufficient evidence was presented demonstrating a justiciable controversy, per
In re T.D.C., 91 S.W.3d 865, 870 (Tex. App.—Fort Worth 2002, pet. denied), and
Troxel v. Granville, 530 U.S. 57, 68, 120 S. Ct. 2054, 2061 (2000)” and concluded
that there was “no controversy subject to judicial resolution.”


 
          Evans and McMillan appealed the trial court’s order denying their motion to
be named joint managing conservators. There is no appellee in this appeal.
 

DISCUSSION
          A justiciable controversy between the parties must exist at every stage of the
legal proceedings. See Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001). A
justiciable controversy is one that is definite and concrete and impacts the legal
relations of parties having adverse legal interests. City of Fort Worth v. Pastusek
Indus., Inc., 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.). When there
is no justiciable controversy, the trial court does not have subject matter jurisdiction
over the action presented. See Paulsen v. Tex. Equal Access to Justice Found., 23
S.W.3d 42, 48 (Tex. App.—Austin 1999, pet. denied) (holding that there was no
justiciable controversy and thus, no subject matter jurisdiction). 
          Appellants did not challenge the trial court’s finding that there was no evidence
demonstrating a justiciable controversy and the court’s conclusion that there was no
controversy subject to judicial resolution. The appellants’ petition and proposed
agreed order clearly show that Evans and McMillan did not have adverse legal
interests. Therefore, there was no justiciable controversy in this case, and the trial
court did not have subject matter jurisdiction over the action filed. 
 

          Accordingly, we vacate the order of the trial court and dismiss the cause of
action. See Tex. R. App. P. 43.2(e). 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.