Opinion issued July 23, 2009











          





In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00324-CV




CRYSTAL CASSIDY, THE AMERICAN ACADEMY OF EMERGENCY
MEDICINE, THE TEXAS ACADEMY OF EMERGENCY MEDICINE,
AND RICHARD J. YBARRA, Appellants

V.

TEAMHEALTH, INC., TEAMHEALTH, P.A., MEMORIAL HERMANN
HEALTHCARE SYSTEM, ACS PRIMARY CARE PHYSICIANS
SOUTHWEST, P.A., AND TEAMHEALTH WEST, Appellees
 

 
 
On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2007-39019
 

 
 
MEMORANDUM OPINION
          Appellants, Dr. Crystal Cassidy, The American Academy of Emergency
Medicine (“AAEM”), The Texas Academy of Emergency Medicine (“TAEM”), and
Dr. Richard J. Ybarra, challenge the trial court’s order granting the pleas to the
jurisdiction of appellees, TeamHealth, Inc. (“TeamHealth”), TeamHealth, P.A.,
Memorial Hermann Healthcare System (“Memorial”), ACS Primary Care Physicians
Southwest, P.A. (“ACS”), and TeamHealth West, in appellants’ suit for declaratory
judgment. In four issues, appellants contend that the trial court erred in granting
appellees’ pleas to the jurisdiction, not giving appellants an opportunity to cure any
pleading deficiencies by amending their petition, denying appellants an opportunity
to present testimony from four witnesses, and admitting affidavits offered by
appellees as evidence that appellants lack standing.
          We affirm.
Factual and Procedural Background
          Cassidy and Ybarra both practice emergency medicine in emergency rooms in
Memorial hospitals located in Harris County. AAEM is a “national professional
society representing over 5,000 specialists in emergency medicine throughout the
country, including in Texas.” TAEM “is the Texas Chapter of AAEM.” In this suit,
appellants allege that appellees “have engaged in and continue to engage in the
unlawful corporate practice of medicine in violation of the Medical Practice Act.”


 
Appellants assert that they have “standing and a strong justiciable interest in” this
declaratory judgment action because of their “duty to protect the patient-physician
relationship” and because “all contractual relationships [are] tainted by” appellees’
“unlawful corporate practice of medicine in violation of the Medical Practice Act.”
          In their petition, appellants seek a declaration that three particular agreements
are “void because they violate the corporate practice of medicine doctrine.” First,
appellants complain about an alleged agreement between TeamHealth and Memorial
“that allowed TeamHealth to provide emergency department staffing and
management services to eight” of Memorial’s hospitals.


 Second, appellants
complain of a “proposed contract between Cassidy and ACS,” alleging that Cassidy
“currently has privileges to provide care as an emergency department physician with
Memorial” and had been “asked to sign a contract with” ACS; however, “ACS
withdrew their contract offer” after Cassidy “filed this lawsuit seeking a declaration”
regarding her proposed contract. Third, appellants complain of a “fully executed
contract between [Ybarra] and ACS to provide services at one or more of the facilities
associated with Memorial.” Appellants allege that ACS “is no more than a shell
professional association being used by TeamHealth to disguise the ‘for-profit’ nature
of the venture” and that TeamHealth has violated the Medical Practice Act by
engaging in “such issues as peer review activities, hiring and termination of
physicians and physician duties.” 
          In its plea to the jurisdiction, TeamHealth contends that Cassidy, AAEM, and
TAEM are not “parties to any contract or agreement with” any of appellees and “have
no justiciable interest or standing to bring this suit against” appellees. TeamHealth
also asserts that there “is no private, civil cause of action” to enforce the Medical
Practice Act and that the Texas Legislature has provided for enforcement “through
criminal penalties and administrative regulation.” In its supplemental plea to the
jurisdiction, TeamHealth further asserts that Ybarra does not have standing to pursue
a declaratory suit for any contract “beyond his own contract with ACS” and he “lacks
standing to assert any claim against [appellees] for the alleged ‘corporate practice of
medicine.’” Memorial also filed a plea to the jurisdiction in which it contends that
appellants “have no standing to pursue their cause of action for declaratory judgment”
and “also failed to show that a justiciable controversy exists.”
          In their response to appellees’ pleas, appellants contend that they all have
standing to bring suit and their pleadings demonstrate that a real controversy exists
“that will be resolved by the judicial relief sought, specifically a declaratory judgment
from [the trial court].” First, they assert that Cassidy has standing even though she
had “not entered into a contract with any of the [appellees]” as she “could unwittingly
be involved in the corporate practice of medicine” and be “exposed to a claim by the
Texas Disciplinary Board [or a patient] for aiding and abetting the corporate practice
of medicine.” Thus, her “distinct interest in this matter” is that “she needs to be able
to practice medicine without fear of violating the corporate practice of medicine
doctrine.” Second, appellants assert that AAEM has associational standing to “sue
on behalf of its members.” Third, appellants assert that Ybarra “has standing to bring
suit against [appellees]” as he had “entered into a contract with ACS.” Finally,
appellants assert that they have standing because “the 14th Court of Appeals also
confirmed that Cassidy had standing” to take pre-suit depositions.



          The trial court granted appellees’ pleas to the jurisdiction and dismissed
appellants’ claims.
Subject Matter Jurisdiction
          In their first issue, appellants argue that the trial court erred in granting
appellees’ pleas to the jurisdiction because appellants alleged sufficient facts in their
petition to demonstrate that they have standing sufficient to confer jurisdiction on the
trial court. They assert that “there is a real controversy between the parties and as a
result thereof, [each appellant has] suffered a distinct injury.” 
Standard of Review
          A plea to the jurisdiction seeks dismissal of a case for lack of subject-matter
jurisdiction. Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). When
reviewing a trial court’s ruling on a plea to the jurisdiction, we construe the pleadings
in favor of the plaintiff. See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d
217, 226 (Tex. 2004); Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
446 (Tex. 1993). We review de novo whether, as a matter of law, the pleader’s
alleged facts, or undisputed evidence of jurisdictional facts, affirmatively demonstrate
that a trial court has subject matter jurisdiction. See Tex. Dep’t of Parks & Wildlife,
133 S.W.3d at 226. If the existence of jurisdictional facts is challenged, a court must
consider relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised. Id. at 227. If the relevant evidence is undisputed or fails
to raise a fact question on the jurisdictional issue, the court considers the plea as a
matter of law. Id. at 228. If the evidence creates a fact question regarding the
jurisdictional issue, then the plea cannot be sustained. Id. at 227–28.
Standing
          In an action for declaratory relief, a plaintiff must allege facts that affirmatively
demonstrate that the trial court has subject matter jurisdiction. Tex. Ass’n of Bus., 852
S.W.2d at 446; City of Pasadena v. Smith, 263 S.W.3d 80, 86 (Tex. App.—Houston
[1st Dist.] 2006, pet. denied). Both standing and ripeness are components of subject
matter jurisdiction. E.g. Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 850 (Tex.
2000). In regard to standing, the focus is on who may bring an action, and, in regard
to ripeness, the focus is on when that action may be brought. Id.
          Standing “requires that the controversy adversely affect the party seeking
review.” McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 234 (Tex. 2001). In a
standing analysis we focus on whether the “party has a sufficient relationship with the
lawsuit so as to have a ‘justiciable interest’ in its outcome.” Austin Nursing Ctr. v.
Lovato, 171 S.W.3d 845, 848 (Tex. 2005). A party seeking declaratory relief has a
justiciable interest in the subject matter if there is “a real controversy between the
parties” that will “actually be determined by the judicial declaration sought.” Tex.
Ass’n of Bus., 852 S.W.2d at 446. When determining standing, we “construe the
pleadings in favor of the plaintiff and look at the pleader’s intent.” Id.
The Contracts
          Here, appellants seek declarations related to three agreements: the alleged
contract between TeamHealth and Memorial, the proposed contract between Cassidy
and ACS, and the executed contract between Ybarra and ACS. 
          Memorial TeamHealth Contract
          In regard to appellants’ claims for declarations related to the alleged contract
between TeamHealth and Memorial, appellants would be non-contracting third
parties to any such contract.
          Generally, Texas courts presume that a non-contracting, third party has no
justiciable interest in a contract. S. Tex. Water Auth. v. Lomas, 223 S.W.3d 304, 306
(Tex. 2007); El Paso Cmty. Partners v. B&G/Sunrise Joint Venture, 24 S.W.3d 620,
626 (Tex. App.—Austin 2000, no pet.); Imco Oil & Gas v. Mitchell Energy Corp.,
911 S.W.2d 916, 920 (Tex. App.—Fort Worth 1995, no writ). A third party may have
an interest in a contract made between other parties only if the parties intended to
secure some benefit to that third party, and only if the parties entered into the contract
directly for the third party’s benefit. Lomas, 223 S.W.3d at 306. The intent to confer
a direct benefit upon a third party must be clearly and fully indicated in the contract,
and courts presume that a non-contracting party is not a third-party beneficiary. Id.
          Here, regarding Cassidy and Ybarra, appellants allege that their direct interest
in the case arises from their concern that the Memorial Teamhealth contract violates
the Medical Practice Act. However, appellants do not allege that either Cassidy or
Ybarra is a party to the Memorial TeamHealth contract. Nor do appellants allege that
the parties to the Memorial TeamHealth contract intended to confer a direct benefit
on either Cassidy or Ybarra. See id. Thus, we conclude that Cassidy and Ybarra do
not have standing to seek a declaratory judgment regarding the Memorial TeamHealth
contract.
          In regard to AAEM and TAEM, we note that an association claiming to have
associational standing to seek declaratory relief as a third party to a contract must
show that: (1) its members have standing to sue on their own behalf, (2) the interests
the organization seeks to protect are germane to the organization’s purpose, and (3)
neither the claim nor the relief requested requires the participation of individual
members in the lawsuit. Id. at 308; Tex. Ass’n of Bus., 852 S.W.2d at 447–48; Am.
Acad. of Emergency Med. v. Memorial Hermann Healthcare, No. 01-08-00096-CV,
2009 WL 214507, at *4 (Tex. App.—Houston [1st Dist.] Jan. 29, 2009, no pet.);
Wilchester W. Concerned Homeowners LDEF, Inc. v. Wilchester W. Fund, Inc., 177
S.W.3d 552, 561 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). 
          Here, appellants do not allege that any party to the Memorial TeamHealth
contract is a member of AAEM or TAEM. See Am. Acad. of Emergency Med., 2009
WL 214507, at *5 (involving complaint by AAEM that agreement between
TeamHealth and Memorial violated Medical Practice Act). Additionally, appellants
do not allege that the parties to the Memorial TeamHealth contract intended to confer
a direct benefit on any members of AAEM or TAEM. Even if we were to assume, as
appellants allege, that the Memorial TeamHealth contract violates the Medical
Practice Act, nothing in appellants’ pleadings indicates that any member of AAEM
or TAEM is identified in the Memorial TeamHealth contract or that the Memorial
TeamHealth contract requires the employment of any AAEM member. See id. 
          Accordingly, we hold that appellants do not have standing to seek a declaratory
judgment on the Memorial TeamHealth contract.
          Cassidy’s Proposed Contract
          In regard to the “proposed contract between Cassidy and ACS,” appellants
argue that Cassidy “clearly meets the standards for demonstrating standing” and that
AAEM has standing to seek declaratory relief because Cassidy is a member of
AAEM.



          The Uniform Declaratory Judgment Act (“DJA”) provides that a person who
is “interested under” a written contract may seek a determination of “any questions
of construction or validity arising under” the written contract. Tex. Civ. Prac. &
Rem. Code Ann. § 37.004 (Vernon 2008). However, a valid, written contract does
not exist unless there is an offer and an acceptance. Beverick v. Koch Power, Inc.,
186 S.W.3d 145, 150 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). 
          Here, it is undisputed that Cassidy never accepted ACS’s offer, so there is no
existing written contract upon which a court may render a declaratory judgment. See
Tex. Civ. Prac. & Rem. Code Ann. § 37.004; Beverick, 186 S.W.3d at 150. Because
Cassidy’s controversy in regard to her proposed contract cannot be determined by a
judicial declaration, she does not have standing to seek a declaratory judgment.


 See
Tex. Ass’n of Bus., 852 S.W.2d at 446–47 (reciting general test of standing as
including requirement that controversy “will be actually determined by the judicial
declaration sought”).
          Because Cassidy has no standing to seek declaratory relief based on the
proposed contract, AAEM also lacks associational standing to seek declaratory relief
on the proposed contract. See Lomas, 223 S.W.3d at 308 (requiring that association’s
members have standing to sue on their own behalf for association to have standing).
          Accordingly, we hold that appellants do not have standing to seek a declaratory
judgment on Cassidy’s proposed contract.
          Ybarra’s Contract
          In regard to Ybarra’s contract with ACS, appellants argue that Ybarra has
standing because he has entered into a contractual relationship with ACS and is
uncertain as to how to resolve “conflicts between what the [a]ppellees require him to
do contractually and what the applicable standard of care requires him to do
professionally” and that AAEM has standing to seek declaratory relief because
Ybarra is a member of AAEM.



          Unlike Cassidy, Ybarra entered into a written contract with ACS, and therefore
has an interest under the contract. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004. 
However, the existence of a contract between a plaintiff and defendant in a
declaratory judgment action does not guarantee that the plaintiff will have standing
to seek declaratory relief. See Paulsen v. Tex. Equal Access to Justice Found., 23
S.W.3d 42, 47–48 (Tex. App.—Austin 1999, pet. denied) (holding that plaintiff did
not have standing to seek declaratory judgment on contracts with defendant when
dispute alleged was “secondary to their desire to have” appellate court rule on 
constitutionality of IOLTA program). 
          Here, appellants’ controversy with appellees, i.e., appellees’ alleged violation
of the Medical Practice Act by allowing TeamHealth to be involved in the “peer
review activities, hiring and termination of physicians,” would not be resolved by
judicial declarations related to Ybarra’s contract with ACS. See Tex. Ass’n of Bus.,
852 S.W.2d at 446 (reciting general test of standing as including requirement that
controversy “will be actually determined by the judicial declaration sought”). Any
controversy about Ybarra’s contract is secondary to appellants’ desire to have a court
declare that appellees’ conduct violates the Medical Practice Act. See Paulsen, 23
S.W.3d at 47. 
          Although appellants argue that Ybarra’s contract is “void because [it] violate[s]
the corporate practice of medicine,” they have not alleged any facts that support their
contention that Ybarra’s contract violates the Medical Practice Act. Instead,
appellees attempt to use Ybarra’s contract as a means to seek a judicial declaration
on whether appellees have violated the Medical Practice Act. In their briefing,
appellants admit that “the real thrust” of their allegations is an attempt to determine
“whether the illegal corporate practice of medicine renders these contracts illegal
and/or exposes these physicians to the charge of aiding and abetting illegal conduct.” 
Appellants argument shows that they are actually seeking a judicial declaration that
appellees’ conduct violates the Medical Practice Act, not that Ybarra’s contract
violates the Medical Practice Act.


 
          In support of their argument that they may bring a declaratory judgment action
to determine whether appellees’ conduct violates the Medical Practice Act and
renders Ybarra’s contract void, appellants rely on Penny v. Orthalliance, Inc., 255
F. Supp. 2d 579 (N.D. Tex. 2003). In Penny, several orthodontists sought a
declaration that several contracts that they had entered violated the Texas Dental
Practices Act.


 Id. at 580. The district court held that the contracts themselves were
invalid because the contracts themselves allowed the defendant corporation “to
practice dentistry without a license.” Id. at 581–83. However, unlike the Penny
plaintiffs, appellants have not alleged that Ybarra’s contract itself violates the
Medical Practice Act, instead they seek a declaration that appellees’ conduct violates
the Medical Practice Act.


 Although appellants could seek a declaration that Ybarra’s
contract is void because something in the contract violates the Medical Practice Act,
they cannot use Ybarra’s contract as a pretext to obtain an otherwise unavailable
judicial declaration that appellees’ conduct violates the Medical Practices Act. See
Cole v. Huntsville Mem’l Hosp., 920 S.W.2d 364, 372–73 (Tex. App.—Houston [1st
Dist.] 1996, writ denied).
          We conclude that appellants may not use the DJA to obtain indirectly what they
cannot legally obtain directly. Tex. Ass’n of Bus., 852 S.W.2d at 446–47 (reciting
general test of standing as including requirement that controversy “will be actually
determined by the judicial declaration sought”). The Medical Practice Act does not
create a private cause of action, and appellants may not use the DJA to create a quasi
cause of action to enforce the Medical Practice Act. See Cole, 920 S.W.2d at 373. 
Rather, violations of the Medical Practice Act may be punished with administrative
penalties and injunctive relief imposed by the Texas State Board of Medical
Examiners, civil penalties sought by the Texas Attorney General, or criminal
penalties sought by the State. See Tex. Occ. Code Ann. §§ 165.001–.160. 
          Because the controversy alleged in appellants’ pleadings cannot be determined
by a judicial declaration on Ybarra’s contract, he does not have standing to seek a
declaratory judgment. See Tex. Ass’n of Bus., 852 S.W.2d at 446–47 (reciting general
test of standing as including requirement that controversy “will be actually
determined by the judicial declaration sought”). Because Ybarra has no standing to
seek this declaratory judgment on his contract, AAEM also lacks standing. See
Lomas, 223 S.W.3d at 308.
          Accordingly, we hold that appellants do not have standing to seek a declaratory
judgment on Ybarra’s contract.
          We overrule appellants’ first issue.
Opportunity to Cure Pleadings
          In their second issue, appellants argue that they “were wrongfully denied an
opportunity to replead” because their “pleadings do not affirmatively demonstrate
incurable defects in jurisdiction.” Appellants contend that “before dismissing this
case” the trial court “should have permitted [appellants] to amend their pleadings.”
          If the pleadings do not contain sufficient facts to affirmatively demonstrate the
trial court’s jurisdiction, but do not affirmatively demonstrate incurable defects in
jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be
afforded the opportunity to amend. Tex. Dep’t of Parks & Wildlife, 133 S.W.3d at
226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea
to the jurisdiction may be granted without allowing the plaintiff’s an opportunity to
amend. Id. Although plaintiffs should generally be allowed amend totheir pleadings
while their case is pending before a trial court, they may forfeit this opportunity
through inaction. See Kassen v. Hatley, 887 S.W.2d 4, 13–14 n.10 (Tex. 1994)
(stating that plaintiffs waived complaint by not requesting opportunity to amend their
pleadings after challenged by opposing party); Haddix v. Am. Zurich Ins. Co., 253
S.W.3d 339, 347 (Tex. App.—Eastland, 2008, no pet.) (same); Dahl ex rel. Dahl v.
State, 92 S.W.3d 856, 862 n.6 (Tex. App.—Houston [14th Dist.] 2002, no pet.)
(noting that by not seeking leave to amend pleadings plaintiffs had arguably “waived
the claim the trial court erred in not allowing them time to amend”). 
          In April 2008, after the trial court had granted appellees’ pleas to the
jurisdiction, appellants filed a motion for new trial contending, in part, that the trial
court “should have permitted [appellants] to amend their pleadings.” However,
nothing in the record indicates that appellants attempted to amend their pleadings or
requested that they be allowed to amend their pleadings. Nor does the record show
that the trial court denied appellants such an opportunity. Appellants did amend their
petition in October 2007, adding Ybarra as a plaintiff. In the following five months,
before the trial court granted appellees’ pleas to the jurisdiction, appellants did not
amend or attempt to amend their pleadings. Additionally, although appellants
complained in their motion for new trial that they should be allowed to amend their
pleadings, they did not present the trial court with any proposed amendments. 
Likewise, on appeal, appellants have not described any proposed amendments that
would affect their standing. Accordingly, we hold that appellants have waived the
opportunity to amend their pleadings by not attempting to amend their pleadings at
the trial court when they had the opportunity to do so.
          We overrule appellants’ second issue.
Unconsidered Evidence of Jurisdictional Facts
          In their third issue, appellants argue that the trial court erred in granting
appellees’ pleas to the jurisdiction because it did not first giving each appellant “an
opportunity to present evidence from four (4) live witnesses on the subject of certain
disputed jurisdictional facts.”



          On February 29, 2008, the trial court held a hearing on appellees’ pleas to the
jurisdiction and allowed appellants to offer evidence relevant to whether the trial
court had subject matter jurisdiction over appellants’ claims for declaratory relief. At
the hearing, appellants requested that the trial court consider live testimony in the
following exchange:
[Appellants’ Counsel]:I would like to call to the witness stand
Dr. Crystal Cassidy and after we are
done with Dr. Cassidy I would like to
call Dr. Tom Scaletta, and when we are
done with Dr. Scaletta I would like to
call Dr. Larry Wise, and those three
witnesses are the live witnesses that I
would offer for today’s testimony.
 
[TeamHealth’s Counsel]:I view that as a matter of Your Honor’s
discretion. I don’t think it requires any
input from us.
 
[Trial Court]:True?
 
[Memorial’s Counsel]:True.
 
[Trial Court]:Okay. And I don’t see it as necessary
for purposes of proceeding that I can
do it fully from the exhibits that have
been admitted as well as the very
extensive motions and exhibits
attached thereto and responses replies. 
Alright, what else?
 
[Appellants’ Counsel]:That concludes our evidentiary
presentation.
          Although appellants contend in their briefing that the trial court erred in not
allowing them to present four witnesses, appellants only asked the trial court to
consider testimony from three witnesses: Cassidy, Tom Scaletta,


 and Larry Wise.


 
Appellants assert that the testimony of these witnesses would have supported
appellants’ “opposition to the [a]ppellees’ [p]leas” to the jurisdiction. Although
appellants do not clearly explain how this testimony would have undermined
appellees’ pleas to the jurisdiction, they imply that the testimony would have been
relevant to refute “an affidavit [that] was submitted denying that [a]ppellants Cassidy
and AAEM had any contractual or business relationship with [a]ppellees ACS or
TeamHealth.”
          When a plea to the jurisdiction challenges a plaintiff’s pleadings, we determine
whether the pleader has alleged facts that affirmatively demonstrate the trial court’s
subject matter jurisdiction. Tex. Dep’t of Parks & Wildlife, 133 S.W.3d at 226. We
construe the pleadings liberally in favor of the pleader. Id. If a plea to the
jurisdiction challenges the existence of jurisdictional facts, the trial court is required
to consider relevant evidence submitted by the parties. Id. at 227. 
          Here, appellees, in their pleas to the jurisdiction, did not challenge the
existence of jurisdictional facts pleaded by appellants. Instead, appellees contend that
the facts alleged by appellants in their pleadings affirmatively demonstrate that they
do not have standing to seek declaratory relief. Having already concluded that the
facts alleged in appellants’ pleadings do not establish that they have standing, we
further conclude that the trial court was not required to consider testimony from
appellants’ three witnesses. Accordingly, we hold that the trial court did not err in
denying appellants’ request to consider the testimony of Cassidy, Scaletta, and Wise.
          We overrule appellants’ third issue.
Admitted Affidavits
          In their fourth issue, appellants’ argument, in its entirety, is that “the [t]rial
[c]ourt erred in admitting hearsay affidavits of [a]ppellees over the hearsay objection
of counsel for [a]ppellants, and the [t]rial [c]ourt compounded that error by refusing
[a]ppellants to offer [sic] sworn affidavits and/or live testimony to rebut the hearsay
contained in the affidavits.” 
          Appellants’ briefing on this issue is devoid of any citations to the record or to
appropriate legal authorities. See Tex. R. App. P. 38.1(h) (“The brief must contain
clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record.”). Accordingly, we hold that appellants have
inadequately briefed this issue and, thus, have waived their issue for our review. See
id.
          We overrule appellants’ fourth issue.
Conclusion
          We affirm the order of the trial court.
                                                                                            



 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Keyes, and Higley.