IN THE MATTER OF THE APPLICATION OF ROBERTS COMPANY FOR THE APPOINTMENT OF AN UMPIRE UNDER THE PROVISIONS OF FIRE INSURANCE POLICY NO. 675-002 ISSUED BY CENTRAL MUTUAL INSURANCE COMPANY.

(Filed 21 November 1962.)

Appeal and Error § 3—

The appointment of an umpire by a judge of the Superior Court upon application of a party to an insurance contract pursuant to the "appraisal" clause of the policy, G.S. 58-176, is a ministerial and not a judicial act, and no appeal will lie from the refusal of the judge to vacate the order, since the validity of the appointment may be adjudicated only when the question is raised in a properly instituted civil action.

APPEAL by movant, Central Mutual Insurance Company, from *Williams, J.,* at chambers in LEE County.

*Smith, Leach, Anderson & Dorsett for appellant.*

*Jordan, Wright, Henson & Nichols; Pittman, Staton & Betts; and McDermott, Cameron & Harrington for appellee.*

PER CURIAM. The Central Mutual Insurance Company (insurer) issued a policy of fire insurance to Roberts Company (insured) on 1 December 1959. The policy covers the contents of 13 separate plants situate in and outside the City of Sanford, North Carolina. It contains a co-insurance clause. In compliance with G.S. 58-176 it contains an "Appraisal" clause providing in pertinent part the following:

> "In case the insured and this Company shall fail to agree as to actual cash value . . . of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss."

On 9 October 1961 a fire occurred at one of the plants in Sanford. There were extended negotiations between insurer and insured respecting inspection and the quantity of property damaged and destroyed. On April 17, 1962, insured requested an appraisal pursuant to the "Appraisal" clause and appointed its appraiser. Insurer did not appoint an appraiser but requested an examination of insured under oath. The examination was begun. On 2 June 1962 insured applied to Honorable Clawson L. Williams, Resident Judge of the Eleventh Judicial District, for appointment of an umpire. The Judge appointed Robert L. Gavin, Esq. Upon receiving notice of the appointment, insurer filed a motion with the Judge to vacate the order. The emotion was heard on 20 June 1962. At the hearing insurer notified insured that it denied any and all liability under the policy. On 23 July 1962 Judge Williams entered an order denying the motion to vacate the appointment, and insurer excepted and appealed.

The appeal must be dismissed. There is no suit pending. No action has been commenced and instituted by issuance of summons (G.S. 1-

14), or as provided in G.S. 1-88. The appointment of the umpire is not the judgment of a court, it is a mere ministerial act pursuant to contract, albeit authorized by statute. The statute might very well have designated a postmaster, minister of the gospel, mayor, sheriff or other personage to make the appointment. The appointment is made at the request of either the insurer or insured and no notice to the other is required, no hearing is contemplated. There is no requirement that the appointment be made in term or at any particular time or place. The appointment itself may be challenged only by an action instituted for that purpose. The legal effect of the appointment and any acts done pursuant thereto may be challenged in any action in which they arise.

It follows that we make no decision upon the merits, that is, we do not adjudicate any of the rights of the parties with respect to an appraisal under the policy. We only decide that the appointment was not a judicial act.

Appeal dismissed.