

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00069-CV

**TEXAS MUNICIPAL LEAGUE JOINT SELF-INSURANCE FUND**, and The Texas
Municipal League Intergovernmental Risk Pool,
Appellants

v.

**HOUSING AUTHORITY OF THE CITY OF ALICE**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 14-10-53721-CV
Honorable David A. Sanchez, Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  October 14, 2015

VACATED AND DISMISSED

This is an appeal from the trial court's "Order Selecting Umpire."  Appellants, The Texas

Municipal League Joint Self-Insurance Fund and The Texas Municipal League Intergovernmental

Risk Pool, contend they have governmental immunity from this suit and argue the trial court erred

in denying their plea to the jurisdiction.  Appellee, Housing Authority of the City of Alice, argues

that governmental immunity is not properly raised in this case because this is not a "suit" and the

---

[1] The Honorable David A. Sanchez is the elected judge of the 444th Judicial District Court of Cameron County, Texas. He presided over this matter as a visiting judge.

subject matter jurisdiction of the district court was not invoked. Nevertheless, the Housing Authority asks this court to affirm the order of the district court.

We hold there is no justiciable controversy asserted in this case. Accordingly, the Housing Authority failed to invoke the subject matter jurisdiction of the district court and the court's order is void. We therefore vacate the trial court's order and dismiss the case.

## BACKGROUND

The Housing Authority is a member of a joint self-insurance pool called the Texas Municipal League Joint Self-Insurance Fund, the purpose of which is to provide liability and property self-insurance coverage to political subdivisions. The Texas Municipal League Intergovernmental Risk Pool is the agency created by the pool members to administer the self-insurance program. We refer to the TML Joint Self-Insurance Fund and the TML Intergovernmental Risk Pool jointly as "the Fund."

The agreements among the pool members and the Fund include a Property Coverage Document, which sets forth the procedures to be followed when a pool member suffers a covered loss. Section III.E. of the General Conditions in the Property Coverage Document executed by the Housing Authority is entitled "Appraisal" and provides in part:

> If the Member and the Fund fail to agree as to the amount of loss, each shall, upon the written demand either of the Member or of the Fund made within 60 days after receipt of proof of loss by the Fund, select a competent and disinterested appraiser. The appraisers then shall select a competent and disinterested umpire. If they should fail for 15 days to agree upon such umpire, then upon request of the Member or of the Fund, such umpire shall be selected by a judge of a court of record in the county and state in which such appraisal is pending. Then, at a reasonable time and place, the appraisers shall appraise the loss, stating separately the value at the time of loss and the amount of loss. If the appraisers fail to agree, they shall submit their differences to the umpire. An award in writing by any two shall determine the amount of loss.

The Housing Authority reported to the Fund that it suffered hail and wind damages to its covered property on May 27, 2014. After inspecting the property, the Fund issued a check to the

Housing Authority in July for the amount it determined to be the actual cash value loss, less the deductible. The Housing Authority submitted a proof of loss for a substantially higher amount, and on September 3, 2014, the Housing Authority made a written demand for an appraisal, stating the demand was made pursuant to, the Property Coverage Document.

On October 1, 2014, the Housing Authority instigated this litigation by sending an "Application for Appointment of an Umpire" to the District Clerk of Jim Wells County. The accompanying cover letter enclosed a filing fee, directed the clerk to file the pleading, and requested that citations be issued and delivered to a private process server for service on the "defendants." The Housing Authority also filed a Civil Case Information Sheet, stating the matter was a contract case involving insurance.

The Application identified the Texas Municipal League Joint Self-Insurance Fund and the Texas Municipal League Intergovernmental Risk Pool as "defendants" and stated how they could be served with process. The Application alleged the Housing Authority had invoked the appraisal provisions of the Property Coverage Document and appointed an appraiser, but that no umpire had been chosen. The Housing Authority then requested the court, as "a court of record in the county and state in which such appraisal is pending," to select an umpire. The Application did not purport to state a cause of action against either defendant, nor did it seek any relief from either defendant. It did not allege the defendants had attempted to prevent the Housing Authority from asking a judge to appoint an umpire. The Application did not ask the trial court to declare that the Housing Authority had complied with the provisions of the Property Coverage Document or had properly invoked the appraisal procedures, and it did not seek an order compelling the Fund to do or to refrain from doing anything. Rather, it simply requested that the court appoint an umpire.

The Fund filed an answer, a plea to the jurisdiction asserting its governmental immunity from suit, and a plea in abatement. A hearing was held before a visiting judge on the application

for appointment of an umpire and on the Fund's pleas. At the conclusion of the hearing, the trial court denied the plea to the jurisdiction and plea in abatement and granted the application to appoint an umpire. The trial court signed an order that named an umpire and stated "[t]his judgment finally disposes of all parties and all claims and is appealable."

## DISCUSSION

In its first issue on appeal, the Fund argues the Housing Authority's suit seeks specific performance of a contract and the Fund has governmental immunity from such a suit. The Housing Authority responds that the trial court did not err in denying the plea to the jurisdiction because the Housing Authority did not file a "suit," did not make a claim against the Fund, did not seek to compel the Fund to engage in the appraisal process, and did not seek any other relief against the Fund. The Housing Authority contends it merely requested the judge to select an umpire, and asserts "subject matter jurisdiction is not required to select an umpire."

The Housing Authority's response demonstrates the trial court's lack of subject matter jurisdiction over this case. We agree that the selection of an umpire by a judge in accordance with the terms of the Property Coverage Document does not require the filing of a lawsuit or invoking the subject matter jurisdiction of a court. *See, e.g.*, *Barnes v. W. Alliance Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App.—Amarillo 1992, writ dism'd by agr.); *Fire Ass'n of Philadelphia v. Ballard*, 112 S.W.2d 532, 533 (Tex. Civ. App.—Waco 1938, no writ); *see also Application of Roberts Co.*, 258 N.C. 184, 186, 128 S.E.2d 137, 138-39 (1962) (holding that where insurance contract provided that upon failure of appraisers to agree, umpire would be selected by judge of a court of record in state where property was located, the appointment of the umpire was "not a judicial act," but "a mere ministerial act pursuant to contract"). However, the Housing Authority did not merely ask a judge to select an umpire. It filed a lawsuit against the Fund — the Housing Authority sent its Application to the District Clerk of Jim Wells County, directed the clerk to file the pleading,

enclosed a filing fee, and requested that citations be issued and delivered to a private process server for service on "defendants." The defendants were served and directed to appear and answer the suit. Moreover, the Housing Authority did not merely seek the appointment of an umpire by a person who "happens to be a judge;" rather, the Housing Authority sought and obtained an *order* of the district *court* that it now asks this court to affirm.

Subject matter jurisdiction is essential to the authority of a court to render a valid judgment. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94 (Tex. 2012). Action taken by a court without subject matter jurisdiction is void. *In re Guardianship of C.E.M.-K*, 341 S.W.3d 68, 76 (Tex. App.—San Antonio 2011, pet. denied). In order for the trial court to have subject matter jurisdiction over a case, there must be a real, justiciable controversy between the parties that will be actually determined by the litigation. *See Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *In re K.D.E.*, No. 01-04-00043-CV, 2004 WL 2618730, at *2 (Tex. App.—Houston [1st Dist.] Nov. 18, 2004, no pet.) (mem. op.); *Paulsen v. Tex. Equal Access to Justice Found.*, 23 S.W.3d 42, 48 (Tex. App.—Austin 1999, pet. denied); *Wallace v. Inv. Advisors, Inc.*, 960 S.W.2d 885, 888-89 (Tex. App.—Texarkana 1997, pet. denied).

Although the record reflects there are disagreements between the parties, the Housing Authority did not seek to resolve any of them through this litigation. As it repeatedly asserts in its briefs, the only order it sought was the selection of an appraiser — it did not allege a breach of contract and did not ask the court to determine whether the appraisal provision had been properly invoked or whether the Fund was required to participate. The Housing Authority recognizes in its brief that "[s]electing an umpire for the parties does not decide any dispute between them." Because the pleadings did not present any real controversy between the parties that would be actually determined by the litigation, there was no justiciable controversy, and the trial court's subject matter jurisdiction was not invoked. The district court's order is therefore void. *See*

*Guardianship of C.E.M.-K*, 341 S.W.3d at 76.  We vacate the trial court's order and render judgment dismissing the case.[2]

Luz Elena D. Chapa, Justice

---

[2] Nothing in this opinion prevents either of the parties from making a request outside the judicial system to "a judge of a court of record in the county and state in which such appraisal is pending," as contemplated by the parties' contract.