**Dismiss and Opinion Filed July 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-19-01524-CV

**LYNDON SOUTHERN INSURANCE COMPANY, Appellant**
**V.**
**W. PARNELL, LLC, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-14463**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Garcia
Opinion by Chief Justice Burns

Lyndon Southern Insurance company appeals the trial court's order appointing an umpire in the underlying insurance coverage dispute. In two issues, Lyndon argues this Court has jurisdiction over this appeal, and the trial court's order appointing an umpire should be set aside. Because we conclude this Court lacks jurisdiction over this appeal, we dismiss this appeal.

Background

In May 2018, W. Parnell, LLC, purchased from Lyndon an insurance policy covering Parnell's business premises for a term of one year. In June 2018, Parnell's property was struck by a hailstorm, and Parnell filed a claim under the policy. In

February 2019, Lyndon denied coverage on Parnell's claim. Parnell subsequently filed in the trial court an application for the appointment of an umpire. The application expressly stated that it was "not a lawsuit" and cited the following provision contained in its insurance policy:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss.

Parnell's application alleged that, in response to Parnell's timely demand for an appraisal, Lyndon refused to appoint an appraiser. Parnell argued this refusal triggered its right to apply for the appointment of an umpire under the terms of the insurance policy. Following a hearing, the trial court signed an order appointing an umpire on November 8, 2019. This appeal followed.

### Discussion

In its first issue, Lyndon argues this Court has jurisdiction over this appeal.[1] Specifically, Lyndon argues the order appointing an umpire is a final, appealable order, and, if it is not an appealable order, mandamus relief is proper because the trial court abused its discretion in appointing an umpire.

---

[1] Prior to submission, we questioned our jurisdiction over this appeal and directed the parties to address the issue in their briefs.

Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). The trial court's order in this case recites that it is "a final, appealable order disposing of all claims and parties." However, an order does not dispose of all claims and all parties merely because it is entitled "final" or because the word "final" appears elsewhere in the order or even because it awards costs. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Nor does an order completely dispose of a case merely because it states that it is appealable. *Id.* Moreover, the selection of an umpire by a judge in accordance with the terms of an insurance policy does not require the filing of a lawsuit or invoking the subject matter jurisdiction of a court. *Texas Mun. League Joint Self-insurance Fund v. Hous. Auth. of the City of Alice*, No. 04-15-00069-CV, 2015 WL 5964182, at *2 (Tex. App.—San Antonio Oct. 14, 2015, no pet.); *see, e.g., Barnes v. W. Alliance Ins. Co.*, 844 S.W.2d 264, 267 (Tex. App.—Amarillo 1992, writ dism'd by agr.); *Fire Ass'n of Philadelphia v. Ballard*, 112 S.W.2d 532, 533 (Tex. Civ. App.—Waco 1938, no writ); *see also Application of Roberts Co.*, 258 N.C. 184, 186, 128 S.E.2d 137, 138–39 (1962) (where insurance contract provided that, upon failure of appraisers to agree, umpire would be selected by judge of a court of record in state where property was located, the appointment of the umpire was "not a judicial act," but "a mere ministerial act pursuant to contract").

We conclude the trial court's order appointing an umpire, in the absence of a lawsuit or other invocation of the subject matter jurisdiction of the trial court, did not constitute a final judgment from which this Court has jurisdiction to consider an interlocutory appeal. *See Perez*, 340 S.W.3d at 447; *Texas Mun. League Joint Self-insurance Fund*, 2015 WL 5964182 at *2. Accordingly, this Court lacks jurisdiction over Lyndon's appeal. *See Perez*, 340 S.W.3d at 447.

Regarding Lyndon's alternative argument that mandamus relief is proper in this case, we note that Lyndon has not filed a petition for writ of mandamus, only a notice of appeal and a brief on appeal. Lyndon argues in its brief that mandamus should issue to correct the trial court's clear abuse of discretion in entering the order appointing an umpire. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). In making this argument, Lyndon argues the trial court's appointment of an umpire "forces [Lyndon] to appraisal that falls outside the terms of policy provisions, forces the umpire to effectively opine upon coverage/causation issues, and ultimately deprives [Lyndon] the right to judicial determination on ultimate issues pertaining to coverage/causation-liability." But this argument asks us to resort to speculation or supposition regarding possible effects of the appointment of an umpire, and we conclude these arguments do not support Lyndon's request for mandamus relief. *See Frink v. Blackstock*, 813 S.W.2d 602, 604 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding) (denying mandamus

–4–

relief when the petition "requires us to speculate concerning the justification of the requested coercive action").

Further, although the record reflects that the trial court held a hearing on Parnell's application for the appointment of an umpire, Lyndon has failed to bring forth a reporter's record from that proceeding or file a statement that no testimony was taken. *See In re Daniels*, No. 05-20-00501-CV, 2020 WL 2715406, at *1 (Tex. App.—Dallas May 26, 2020, orig. proceeding) (denying mandamus petition for relator's failure to file a reporter's record or statement that no testimony was taken, among other reasons). We overrule Lyndon's first issue. Having done so, we need not address Lyndon's second issue.

We dismiss this appeal for lack of jurisdiction.

/Robert D. Burns, III//

191524f.p05

ROBERT D. BURNS, III
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LYNDON SOUTHERN
INSURANCE COMPANY,
Appellant

No. 05-19-01524-CV     V.

W. PARNELL, LLC, Appellee

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-14463.
Opinion delivered by Chief Justice
Burns. Justices Partida-Kipness and
Garcia participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee W. PARNELL, LLC recover its costs of this appeal from appellant LYNDON SOUTHERN INSURANCE COMPANY.

Judgment entered this 20th day of July 2021.